BENJAMIN TRIPP, City Treasurer of the City of Providence, *vs.*
ELLSWORTH TORREY.

Actions to collect taxes amounting to less than one hundred dollars may be brought in
the Court of Common Pleas or Supreme Court.

Pub. Stat. R. I. cap. 44, § 26, is not repealed by Pub. Laws R. I. cap. 597, §§ 23, 56, of
May 27, 1886.

A. neglected to make a return of his ratable estate to the assessors of taxes. It
appeared that he owned a watch, and also corporate stock in a corporation whose
property was assessed and taxed in New Mexico, and hence the stock was not subject
to taxation here. He was assessed here for $5,000, and suit for the tax on this
assessment was brought against him.

*Held*, the watch being ratable estate, that the case was one of overtaxation, not one of
illegal taxation, and that A. was remediless.

EXCEPTIONS to the Court of Common Pleas.

*May* 1, 1891. MATTESON, C. J. This is an action of the case
for the recovery of a tax, amounting to seventy-five dollars, assessed
by the city of Providence, in the year 1888, against the defendant,
on personal property valued at five thousand dollars. It was
brought in the Court of Common Pleas, which rendered judgment
for the plaintiff, and is now before this court on the defendant's
exceptions.

The plaintiff sues under Pub. Stat. R. I. cap. 44, § 26, which
provides that "The collector of any tax may recover the amount
thereof in an action of the case against the person taxed, in the
Court of Common Pleas or Supreme Court." The defendant con-
tends that the Court of Common Pleas had no jurisdiction of the
suit, the amount sued for being less than one hundred dollars, and
so appearing in the declaration. He claims that exclusive juris-
diction in all cases in which the debts or damages demanded do
not exceed one hundred dollars is vested in the District Court. In
support of his claim, he relies upon Pub. Laws R. I. cap. 597, §§ 23,
56, of May 27, 1886. The former section confers upon "Every
district court original and exclusive jurisdiction of all civil actions
legally brought before it wherein the debt or damages demanded
do not exceed one hundred dollars." The latter section repeals
certain statutes enumerated therein, among which Pub. Stat. R. I.
cap. 44, § 26, is not included, and also, "all acts and parts of acts
inconsistent herewith,"-that is, with said chapter 597. The de-

fendant's argument is, that as the amount sued for is less than one hundred dollars, the suit might legally have been brought in the district court; and as that court, under said chapter 597, has exclusive jurisdiction in such cases, it could only have been brought in that court; and that Pub. Stat. R. I. cap. 44, § 26, being inconsistent with Pub. Laws, cap. 597, § 23, of May 27, 1886, was repealed by § 56 of the latter chapter. The argument is plausible rather than valid. The vice of it is, that it really gives no effect, or, at least, not full effect, to the words "legally brought before it," but treats cap. 597, § 23, as though it read, "Every district court shall have original and exclusive jurisdiction of all civil actions wherein the debt or damages demanded do not exceed one hundred dollars." The words "legally brought before it" were apparently intended to qualify or limit the words of the section preceding them; to take some actions out of the exclusive jurisdiction of district courts, which but for them would have been included within that jurisdiction. We are inclined to the opinion that they are broad enough to except from the jurisdiction of district courts, cases, special jurisdiction over which had been conferred upon other tribunals. Cases relating to the collection of taxes are of this kind. Pub. Stat. R. I. cap. 44, § 26, is a special statute, conferring a special jurisdiction over suits for taxes upon the Court of Common Pleas and Supreme Court, without reference to the amount of the tax sued for. Authority is nowhere else given to collectors of taxes to bring suits for the recovery of taxes. Doubtless it was the intention of the legislature by this statute, which not only authorized the suit, but provides what allegations shall make a sufficient declaration, to give to collectors of taxes a more summary remedy than that provided for ordinary suitors for the collection of debts, and to relieve them from the embarrassment and delays which might result from the bringing of suits in the lower courts in case of appeals from their judgments. It is a well-established rule of construction that special statutes are not repealed by general provisions unless the legislative intent to repeal be clear. If both the general and special case stand together, they will be construed accordingly. *City of Providence* v. *Union R. R. Co.* 12 R. I. 473; *Verry* v. *School Committee*, 12 R. I. 578; *State* v. *Champlin*, 16 R. I. 453, and authorities cited. The rea-

son and philosophy of the rule are, it is said, that when the mind of the legislator has been turned to the details of a subject, and he has acted upon it, a subsequent statute in general terms, or treating the subject in a general manner, and not expressly contradicting the original act, shall not be considered as intended to affect the more particular or positive previous provisions, unless it is absolutely necessary to give the latter act such a construction, in order that its words shall have any meaning at all. Sedgwick on Statutory and Constitutional Law, 98.

The defendant suggests that the legislative intent to repeal Pub. Stat. R. I. cap. 44, § 26, is manifested by the omission in Pub. Laws, cap. 597, § 23, of May 27, 1886, of the exception contained in Pub. Stat. R. I. cap. 196, § 21, which conferred jurisdiction in civil actions upon justice courts, of which the district courts are the successors; the exception omitted being actions " over which jurisdiction has been or may be conferred on some other tribunal." The suggestion is forcible. We think, however, that it is not improbable that the legislature may have deemed the exception unnecessary, and omitted it, because they considered that cases over which jurisdiction had been specially conferred upon other tribunals could not legally be brought before the district courts.

Although the question is not free from doubt, we are inclined to the opinion that the legislative intent that Pub. Laws, cap. 597, § 56, of May 27, 1886, should repeal Pub. Stat. R. I. cap. 44, § 26, is not sufficiently clear to warrant us in so holding, and we therefore decide that the latter was not so repealed.

The plaintiff concedes that the defendant was not liable to taxation upon his stock in the corporation whose property was invested in New Mexico, and which was liable to assessment, and was assessed, and a tax upon it there paid, but contends that as the defendant carried in no account of his 'ratable estate to the assessors, as required by Pub. Stat. R. I. cap. 43, § 6, he is liable for the tax assessed against him, and, under § 7 of said chapter, is without a remedy, though overtaxed. The defendant insists that these provisions of the statute relate only to cases where the defendant claims to be overtaxed, but do not apply to cases where the defendant is not liable to taxation, or, in other words, is illegally taxed. Conceding for the sake of the argument that the defend-

ant's position is correct as a matter of law, the case shows that the defendant was possessed of a watch. In *Coventry Co.* v. *Assessors of Taxes*, 16 R. I. 240, this court held that the meaning of "ratable" in Pub. Stat. R. I. cap. 43, §§ 6, 7, was, "capable of being appraised or assessed." The watch, therefore, which the defendant owned was ratable estate, and, therefore, liable to taxation. It was, consequently, incumbent upon him, under § 7 of the chapter last mentioned, to carry in an account of it to the assessors. It is true that, had he done so, he would not have been liable to be taxed for it, if it had appeared that he was indebted to an amount greater than its value, and, therefore, was within the last proviso of Pub. Stat. R. I. cap. 42, § 10. As, however, he did not carry in the account, and, in the absence of such account, was taxed by the assessors for personal estate to the value of $5,000, we think the case is to be regarded as a case of overtaxation rather than of illegal taxation.

*Exceptions overruled, and judgment of the Court of Common Pleas affirmed, with costs.*

*Nicholas Van Slyck & Cyrus M. Van Slyck*, City Solicitors, for plaintiff.

*John T. Blodgett*, for defendant.