JAVAN D. MOWRY, Collector, *vs.* SLATERSVILLE MILLS.

PROVIDENCE—MAY 15, 1897.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

A. made return to the assessors of taxes of its real and personal estate, less its indebtedness. The assessors substantially adopted the account of the personalty, and made their assessments thereon accordingly:—

*Held*, that A., under the circumstances, could not urge the invalidity of the assessment roll on the ground that it did not show the assessment to have been limited to the kinds of property mentioned in the statute.

An assessment of real estate described the property as " *S. Mills, purchased from S.*" The account carried in to the assessors showed three separate parcels.

*Held*, that unless it should appear that the real estate purchased from S. had remained intact and consisted of a single parcel, or (if of several distinct and separate parcels) that it was not practicable to separately describe and value such parcels, the assessment on the real estate was invalid.

Personal and real estate were separately valued, the values added together, and the tax was assessed on the sum of these values:—

*Held*, that this did not necessarily constitute an entire assessment that would be void as to the whole, if void in part.

*Held*, further, that if the facts stated did constitute an entire assessment, the same would not be void so long as it was possible to separate what was legal from that which was illegal.

ACTION OF THE CASE for amount of a tax alleged to have been illegally assessed. Heard on defendant's petition for a new trial.

MATTESON, C. J. This is an action of the case to recover the amount of a tax. At the trial in the Common Pleas Division the plaintiff offered in evidence a copy of the assessment, as follows : "Slatersville Mills, purchased from John W. Slater, acc't rendered, real, $330,000 ; personal, $112,000; total, $442,000; tax, $2,652.00." The defendant objected to its introduction, not because it was a copy, but because, as the defendant claimed, the assessment was not in conformity to law. The court excluded the paper, and the plaintiff excepted.

The plaintiff also offered in evidence the account of the defendant's real and personal estate carried in by it to the assessors. The account specified the defendant's ratable personal estate as follows :

| | |
|---|---:|
| Machinery | $149,156 |
| Live stock on farm | 1,600 |
| Tools on farm | 1,400 |
| | $152,156 |
| Indebtedness | 40,000 |
| | $112,156 |

This statement was objected to by the defendant, and was also excluded by the court. To the ruling excluding the statement the plaintiff also excepted.

Pub. Stat. R. I., cap. 42, § 11, is as follows : "The fixtures enumerated in section three of this chapter; all picking, carding, spooling, drawing, spinning and reeling frames, dressing and warping machines, looms, tools and machines of all sorts, propelled by steam or water power in any factory, machine shops, print works or manufacturing establishments of any kind, and all live stock and farming tools on farms, shall be taxed to the owner in the town where they are situated, in the same manner as if he resided there."

The ground of the defendant's objection to the assessment, so far as it relates to personal estate, is that it does not specify of what the personal estate consists, and that, even if the corporation had no personal estate besides the kinds specified in section 11, it could not know that the assessors did not suppose it had other kinds, and had assessed it accordingly. It was argued that where the authority to assess is limited to particular kinds of personal estate, the assessment roll ought to show that the assessment was made only on those kinds, so that the tax-payer may know that the assessors have kept within their jurisdiction. The defendant, in support of its objection, relies on *Dunnell Mfg. Co.* v. *Newell*, 15 R. I. 233, and *Rumford Chemical Works* v. *Ray*, 19 R. I. 302, 456.

We think the court erred in its rulings. The record does not show that the defendant is a business corporation whose capital is divided into shares, as was the fact with the corporations in the cases referred to by the defendant. But assuming that such is the fact, and assuming that the assessments would otherwise have been invalid, the defendant, having carried in an account of its ratable estate to the assessors, consisting of the kinds specified in section 11, and the assessors having substantially adopted that account by assessing the defendant for the value in even thousands of the estate so specified, cannot now be permitted to urge that the assessment roll is void because it does not show that the

assessment was limited to the kinds of property mentioned in the section. As the valuation of the personal estate in the assessment for which the defendant was liable to taxation is stated at $112,000, and the valuation given in the account is $112,156, it is evident that the assessment did not embrace any other property than that specified in the account ; and the assessment being for $156 less than the valuation put on the property by the defendant, the defendant has no cause for complaint on that account. The requirement that when power to assess for taxation is limited to certain kinds of personal property the assessment roll must show that the assessment is made only on such kinds, being for the protection of the tax-payer, that it may know that the assessors have kept within their jurisdiction, is answered when the tax-payer has carried in its account to the assessors and they have adopted that account as the basis of the assessment.

The defendant's objection to the assessment roll, so far as it relates to real estate, is that it does not comply with the requirement of Pub. Stat. R. I. cap. 42, § 4, that separate tracts or parcels shall be separately described and valued so far as practicable. The description of the estate in the assessment is " Slatersville Mills, purchased from John W. Slater." The account as carried in to the assessors shows three separate parcels, the first lying north and the second and third south, of the New York and New England Railroad, which are liable to taxation, and church and school lots which are exempt. It was also stated by counsel in argument, though the record does not disclose this fact, that portions of the land purchased from John W. Slater had been sold by the defendant. Unless it should appear that the real estate purchased from John W. Slater had remained intact, and consisted of a single parcel, or, if it consists of several distinct and separate parcels, that it was not practicable to separately describe and value such parcels, we think that the assessment as to the real estate was invalid. For if the land has not remained intact, but portions of it have been sold, the defendant cannot know from the assessment that it does not include the portions which have been sold ; and if it consists of separate

and distinct parcels, the statute, as we have seen, requires that they shall be separately described and valued if practicable.

The defendant makes the further point that the tax is assessed, not so much for the real and so much for the personal estate, but on the entire valuation of both, and therefore contends that if it is void in part it is void as to the whole. It is true that by the assessment roll the values of the real and personal estate are added together, and the amount of the tax is computed apparently on their sum. But we do not understand that this constitutes the assessment an entire assessment, since the personal estate and the real estate are separately valued. But, even if the adding together of the values of the personal estate and real estate, and the computation of the amount of the tax on their sum, is enough to constitute the assessment an entire assessment, we do not think that so long as it is possible to separate what is legal from that which is illegal, the entire assessment should be regarded as void. In *Dunnell Mfg. Co.* v. *Newell*, 15 R. I. 233, referred to by the defendant, it was impossible to distinguish the legal from the illegal, and on that account the assessment as to the personalty was held void. Another case cited by the defendant, is *Stark* v. *Shupp*, 112 Pa. St., 395. But we do not see that this case is in point. It was an action of ejectment, in which the plaintiff claimed title to land under a tax sale. The assessment, offered in evidence in support of the sale, showed that the valuation included not only the land in controversy, but also personal property. The tax was not levied on either separately, but on both jointly. The court said that by the law in that State the land could be sold only for its own tax properly assessed upon it, and not for a tax on personal property, and consequently gave judgment for the defendants.

New trial granted, and case remitted to the Common Pleas Division for further proceedings.

*Charles H. Page & Franklin P. Owen,* for plaintiffs.
*Herbert Almy,* for defendant.