376 A.2d 1383.

JAMES H. VAN ALEN *et al. vs.* KENNETH V. STEIN, *Tax Assessor.*

AUGUST 31, 1977.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

Bᴇᴠɪʟᴀᴄǫᴜᴀ, C.J.   This is an appeal from a judgment for the respondent on three petitions for relief from alleged over-assessment and illegal assessment of real[1] and personal property taxes for taxes assessed December 31, 1970, 1971, and 1972. The petitions were brought pursuant to G.L. 1956 (1970 Reenactment) §44-5-26[2] in Superior Court,

---

[1]The controversy with respect to the real estate was settled at trial by stipulation of the parties.

[2]General Laws 1956 (1970 Reenactment) §44-5-26 provides in pertinent part:

"Any person aggrieved on any ground whatsoever by any assessment of taxes against him in any city or town, may within three (3) months after the last day appointed for the payment without penalty of such tax, or the first installment thereof, if such tax be payable in installments, file a petition in the superior court for the county in which such city or town lies for relief from such assessment * * * .

* * *

"Provided, however, that in case such person has not filed an account, he shall not have the benefit of the remedy provided in this section and in §§44-5-27 to 44-5-31, inclusive, unless (1) his real estate has been assessed at a value in excess of the value at which it was assessed on the last preceding assessment day, whether then owned by him or not, and has been assessed, if assessment has been made at full and fair cash value, at a value in excess of its full and fair cash value, or, if assessment has purportedly been made at a uniform percentage of full and fair cash value, at a percentage in excess of such uniform percentage, or (2) the tax assessed is illegal in whole or in part; and his remedy shall be limited to a review of the assessment on such real estate or to relief with respect to such illegal tax as the case may be."

where they were consolidated for trial and heard by a trial justice sitting without a jury.

The record discloses that petitioners, James and Candace Van Alen, have been summer residents of Newport for many years. The evidence as to whether petitioners also were domiciliaries until 1972 was disputed, and the trial justice made no finding of fact thereon. Prior to the 3 assessment years in question, they had been assessed on tangible personal property for $7,000.

Mrs. Margaret Brugiere of Newport, petitioner James Van Alen's mother, died on January 20, 1969, leaving a multimillion dollar estate of which Van Alen was one-third beneficiary. Included in this estate was tangible personal property of which, under the terms of Mrs. Brugiere's will, petitioner Van Alen, as the eldest son, was given first choice. This property had been valued by the tax assessor at $5,000,000 and assessed for $2,000,000 on December 31, 1968. The executors filed an appeal alleging overassessment and claiming that the value of the tangible personal property in the estate was $1,438,375 with the Board of Tax Appeals for the City of Newport in September 1969. However, the record does not show what if any action was taken with regard to that appeal, and the tax bill based on the original assessment of the estate was paid.

As of December 31, 1970, respondent tax assessor raised the assessment on petitioners' tangible personal property from $7,000 to $207,000. At trial respondent testified that the increase was based on receipt of a letter from the attorney for the executors of the Brugiere estate stating that as of December 31, 1970, no estate assets remained in the hands of the executors and also on his knowledge that petitioner Van Alen was a one-third beneficiary with first choice of the tangible property. He stated that he did not know what property the assessment covered. Since the assessment ratio at that time was 40 percent of full value, the $200,000 increased assessment was based on an assumption

of a $500,000 increase in tangible personal property.

The assessment also included $6,000 for a Rolls Royce automobile registered to petitioners in New York. The automobile was not taxed in New York, and the tax assessor testified he had seen it in Newport on various occasions. No account was filed by petitioners.[3] The petitioners filed a petition for relief from the assessment in Superior Court.

As of December 31, 1971, petitioners' tangible personal property was assessed at $400,000. The respondent tax assessor testified that this figure represented the same levy as the previous year because of a city-wide reevaluation in which the tax rate was revised from $90 per $1,000 to $40 per $1,000, and the assessment ratio was changed from 40 percent to 80 percent. Apparently the Rolls Royce was not included in this assessment. Again no account was filed. The petitioners filed for relief from the assessment under §44-5-26.

The assessment of petitioners' property as of December 31, 1972, was the subject of the last of the three petitions consolidated for trial. The petitioners' tangible personal property was again assessed at $400,000. An account of their property was filed on behalf of petitioners by their attorney. The account was not signed under oath by petitioners, nor was it accompanied by a written appointment

---

[3]Section 44-5-15 requires every person and corporation liable to taxation to bring in to the assessors "a true and exact account of all the ratable estate owned or possessed by him or it, describing and specifying the value of every parcel of such real and personal estate * * * ."

Section 44-5-16 provides in pertinent part:

"Every person bringing in any such account shall make oath before some notary public or other person authorized to administer oaths in the place where such oath is administered that the account by him exhibited contains, to the best of his knowledge and belief, a true and full account and valuation of all the ratable estate owned or possessed by him; and whoever neglects or refuses to bring in such account, if over taxed, shall have no remedy therefor, except as provided in §§44-4-14, 44-4-15 44-5-26 to 44-5-31, inclusive, and 44-9-19 to 44-9-24, inclusive."

authorizing an agent to make such an account, as contemplated by §44-5-16.[4]

At trial petitioners testified that Van Alen chose only items of sentimental value from his mother's estate. Mrs. Van Alen stated that all *objects d'art* were sent to England by the bank before any distribution was made and sold there in December 1969, and that all jewelry was distributed to Mr. Van Alen's sister. She also testified that the Rolls Royce was registered and garaged in Greenvale, Long Island, and was never in Newport more than 4 or 5 months of the year.

The trial justice rejected petitioners' arguments that the assessments were arbitrary and illegal. He ruled that the assessments were based on the tax assessor's reasonable inferences. He therefore awarded judgment to respondent for the 1970 and 1971 assessments based on the provision in §44-5-26 that a taxpayer who has not filed an account shall not have the benefit of the judicial remedy for assessments unless the tax assessed is illegal. With regard to the assessment as of December 31, 1972, for which petitioners did file an account, the trial justice ruled that since the account did not meet the statutory requirements for a sworn, true and accurate account of all ratable estate possessed by the taxpayer, petitioners were not entitled to relief. He noted that jewelry brought to Newport by Mrs. Val Alen each summer was an example of the noninclusion of possibly substantial taxable property. The petitioners now appeal.

In their appeal petitioners contend that the tax assessor's

---

[4]Section 44-5-16 reads in pertinent part:

"In case a taxpayer shall, because of illness or absence from the state, be unable to make oath to his account as aforesaid within the time prescribed by law, such taxpayer may, in writing, appoint an agent to make oath to such account within the time prescribed by the assessors and said agent shall at the time of making said oath append his written appointment to the account, and for all purposes in connection with said account such taxpayer shall be deemed to have personally made said oath.

action in attempting to value property when he had no concrete knowledge of its value and extent was so arbitrary as to constitute a violation of due process. Additionally, petitioners argue that the assessments were illegal because they included property which had no taxable situs in Newport under §§44-4-10 and 44-4-24. The petitioners also contend that denial of relief for failure to file accounts is a denial of procedural due process and that the trial justice erred in finding that the account filed was inadequate under §§44-5-15 and 44-5-16.

I

Tax assessors are required to exercise their discretion prudently and make valuations which are not arbitrary and which are the result of honest judgment rather than of mere will or caprice. 84 C.J.S. *Taxation* §410 at 789 (1954). However, assessors are also required to assess every person and all property liable to taxation. They are not excused from the performance of this duty in case no accounts are filed, *Greenough* v. *Board of Canvassers.* 34 R.I. 84, 102, 82 A. 411, 418 (1912), and they have no authority under our statutes to summon in taxpayers who have not filed accounts and compel disclosure, as is the case in some states. *Stone* v. *Norris,* 40 R.I. 477, 482, 101 A. 428, 429 (1917).

In the *Stone* case this court recognized that "it is a practical impossibility for assessors to correctly ascertain the extent, character and particulars of an individual's ownership of personal property when he brings in no account thereof." *Id.* at 483, 101 A. at 430.

> "In such case it is the right and duty of the assessors to proceed to ascertain the nature and extent of such persons' taxable property from the sources of information at their command and to place a valuation upon it according to their best judgment." *Id.* at 482, 101 A. at 429.

And in such a case "[t]hey undoubtedly have the right to

consider such information as they may be able to obtain from any available source for the purpose of using their judgment in assessing and apportioning a tax * * * ." *Greenough* v. *Board of Canvassers, supra* at 103, 82 A. at 418.

In the instant case, the tax assessor based the increased assessment on his information that the tangible property of Mrs. Brugiere's estate, previously assessed by the tax assessor on the basis of a total value of $5,000,000 and admitted by the executors to have a value of $1,438,375 in 1968, had been distributed among the legatees as of December 31, 1970. He knew that the petitioner was a one-third beneficiary of this Newport estate and thus inferred that petitioner had received property worth at least $500,000, an amount which, it should be noted, equals approximately one-third of the value admitted by the executors. Given the tax assessor's duty to make an assessment on any available information, and petitioner's failure to submit the account which would have enabled the assessor to arrive at a more accurate estimate, we conclude that the tax assessor's action in attempting to value the property without specific knowledge as to its character and extent was neither arbitrary nor unreasonable.

## II

The petitioners contend that the assessment was illegal to the extent that it included property from the Burgiere estate which had been permanently removed from the taxing jurisdiction prior to any of the relevant times for assessment.

Personal property may properly be assessed for taxation only in the state in which it has a situs. 71 Am. Jur. 2d *State & Local Taxation* §655 at 904-05 (1973). The taxable situs of tangible personal property is the place where the property is more or less permanently located, regardless of the domicile of the owner. *Union Refrigerator Transit Co.* v. *Kentucky,* 199 U.S. 194, 26 S. Ct. 36, 50 L. Ed. 150 (1905); 2 Cooley, *The Law of Taxation* §451 at 975 (4th ed. 1924).

It is well settled that even where the owner is a domiciliary, taxation by a state of tangible personal property permanently located outside the state is a violation of due process of law. *Union Refrigerator Transit Co. v. Kentucky, supra; Louisville & Jeffersonville Ferry Co. v. Kentucky,* 188 U.S. 385, 23 S. Ct. 463, 47 L. Ed. 513 (1903). In *Union Refrigerator Transit Co. v. Kentucky, supra,* the Supreme Court stated:

> "It is also essential to the validity of a tax that the property shall be within the territorial jurisdiction of the taxing power. Not only is the operation of state laws limited to persons and property within the boundaries of the State, but property which is wholly and exclusively within the jurisdiction of another State, receives none of the protection for which the tax is supposed to be the compensation." *Id.* at 204, 26 S. Ct. at 37, 50 L. Ed. at 153.

Thus it is clear that an assessment of property which has been permanently removed from the taxing jurisdiction is an illegal assessment. Since such an assessment is illegal, a taxpayer who establishes that the property assessed was permanently removed from the jurisdiction before the assessment period is entitled to relief under §44-5-26 even though no account was filed.

The tax assessor cites *Tripp v. Torrey,* 17 R.I. 359, 22 A. 278 (1891) for the proposition that even if petitioners' challenge is based on lack of taxable situs, so long as petitioners own some ratable property within the jurisdiction, the issue is overtaxation rather than illegal taxation. However, *Tripp v. Torrey, supra,* considered the problem of the taxation of a Rhode Island domiciliary for shares of stock in an out-of-state corporation. Corporate stock is intangible personal property. 71 Am. Jur. 2d *State & Local Taxation,* §666 at 914. The general rule is that the taxable situs of intangible property is the domicile of the owner. *Union Refrigerator Transit Co. v. Kentucky, supra; Edwards v. Cardarelli,* 65 R.I. 236, 14 A.2d 693 (1940). Thus,

unlike the instant case, *Tripp* v. *Torrey, supra,* involved no problem of taxable situs.

Moreover, respondent's underlying theory in this argument appears to be that the inclusion of property with taxable situs along with property without taxable situs in the assessment somehow "cures" the illegality. However, the general rule is that where an assessment is valid in part, the whole assessment will not be invalidated only if the legal and illegal portions can be separated clearly and certainly. *Mowry* v. *Slatersville Mills,* 20 R.I. 94, 37 A. 538 (1897); 84 C.J.S. *Taxation* §392 at 753 (1954); 3 Cooley, *The Law of Taxation* §1075 at 2185 (4th ed. 1924).

In the case at bar, the tax assessor assumed that petitioners received approximatley $500,000 worth of tangible personal property. However, he testified that he had no idea what estate property petitioners did possess. On the other hand, petitioners testified that they received items of sentimental rather than financial value. They stated that all *objets d'art* had been shipped to England before distribution of the estate; that all jewelry, valued at approximately $1,000,000 according to Van Alen, went to his out-state-sister; and that much of the remaining tangible property in the estate was disposed of by the executors.

This uncontroverted testimony suggests that the assessments included property which had been permanently removed form Newport. However, since the trial justice erroneously believed that petitioners' failure to file an account precluded any relief, he made no findings of fact as to what, if any, portions of the three assessments were illegally based on property which had been permanently removed from the taxing jurisdiction. Therefore we will remand the cause to the Superior Court for such findings.

### III

The petitioners further contend that the inclusion in the assessment of their Rolls Royce automobile, which was registered and garaged in New York and which they allege was

only in Newport during the summer months, was illegal because under §44-4-24 the automobile had no legal taxable situs in Newport.

At trial the tax assessor contended that §44-4-24 refers only to moves made within state. In his opinion, where a Rhode Island domiciliary lives in Rhode Island for less than six months and outside Rhode Island for the rest of the year, §44-4-10 is controlling and requires that the tangible personal property be taxed by the city or town of domicile unless the property is taxed in another state.

On appeal, the tax assessor argues only that since the action of assessing the automobile was not arbitrary, the question is one of overtaxation which petitioners are precluded from challenging since they filed no account. However, this court has previously ruled that a challenge to taxable situs under §§44-4-10 and 44-4-24 is a challenge to the legality of the assessment which may be raised despite the failure to file an account. *Brown & Sharpe Mfg. Co.* v. *Cote*, 101 R.I. 668, 675, 226 A.2d 814, 818 (1967).

Section 44-4-9 provides that all ratable tangible personal property shall be taxed as set forth in §§44-4-10, 44-4-14, 44-4-15 and 44-4-24. Section 44-4-10 in pertinent part provides:

> "[A]ll * * * tangible personal property except manufacturer's inventory * * * situated in or upon any * * * dwelling house belonging to any person * * * shall be taxed to such person * * * in the town or city where said property is situated as defined in §44-4-24. * * * Persons * * * residing or located in this state, and owning tangible personal property located in and taxed in any other state shall not be taxed therefor in this state."

Section 44-4-24 is entitled "Rule as to situs of tangible personal property" and reads as follows:

"All ratable tangible personal property shall be taxed to the owner thereof in the town or city in which such property shall have been situated for the larger portion of the twelve (12) months ending with the date of assessment. If any tangible personal property shall not have been situated in any one (1) town or city for the larger portion of the twelve (12) months ending with the date of assessment, then the aforesaid tangible personal property shall be taxed in the town or city where such property is stored, garaged, or permanently situated at the time of assessment."

In construing the above statutes, this court must be guided by the basic proposition that taxing statutes are to be strictly construed against the taxing authority. *Potowomut Golf Club, Inc.* v. *Norberg*, 114 R.I. 589, 592, 337 A.2d 226, 227 (1975).

" 'Doubts as to the construction of [taxing] laws of this character are to be resolved in favor of the taxpayer. The legislative intent to impose the burden of a tax is not to be found by implication nor conjecture. Before approving an assessment a court may well require that its authorization be clearly and explicitly expressed in the law.' " *Id.* at 592, 337 A.2d at 227, *quoting Manning* v. *Board of Tax Comm'rs*, 46 R.I. 400, 410, 127 A. 865, 870 (1925).

Applying this standard, we do not believe that §44-4-10 "clearly and explicitly"authorizes taxation at the place of domicile of the owners of tangible personal property which does not meet the situs requirements of §44-4-24. In order to accept the tax assessor's interpretation of §44-4-10, it is necessary to infer that by stating that persons residing or located in this state shall not be taxed for property located in and taxed in other states, the Legislature implied that persons domiciled in this state shall be taxed on property located in but not taxed in other states. We are of the opinion that such attenuated reasoning is precluded by our

holding that the burden of a tax is not to be found by implication nor conjecture. *Potowomut Golf Club, Inc.* v. *Norberg; Manning* v. *Board of Tax Comm'rs,* both *supra.*

On its face, §44-4-10 provides that the owner of tangible personal property is liable for its taxation in the city or town where such property is situated as defined by §44-4-24. Thus, in order to have been taxable in Newport, petitioners' Rolls Royce must have been situated in Newport as defined by §44-4-24. Otherwise, its assessment was illegal. *See Brown & Sharpe Mfg. Co.* v. *Cote, supra.*

Under §44-4-24, tangible personal property is taxable in a city or town if it was situated in the city or town for the larger portion of the 12 months ending with the date of assessment, or if it was stored, garaged or permanently situated in the city or town at the time of assessment. The trial justice made no findings of fact as to whether the Rolls Royce was located in Newport for the larger portion of the 12 months ending with December 31, 1970, the date of assessment, nor did he determine whether the automobile was stored, garaged or permanently situated in Newport on the date of assessment. Since the record before us does not establish whether the Rolls Royce was located in Newport for the larger portion of the 12 months ending with December 31, 1970, the date of assessment, or whether the automobile was stored in Newport on that date, the legality of its assessment cannot here be determined. Such determination must be made on remand by the trial justice after he or she makes the requisite factual findings.

## IV

The final question presented by this appeal is whether the trial justice erred in finding that petitioners' account, submitted with respect to the December 31, 1972 assessment was inadequate under §§44-5-15 and 44-4-16.[5] The 22-

---

[5]The petitioners also argue that the trial justice's application of the provision of §44-5-26 denying relief for failure to file accounts resulted in a denial of procedural

page account at issue did not include petitioners' notarized oath as to the truth of the account, as required by §44-5-16, nor was it accompanied by a written appointment authorizing an agent to make such an account, as contemplated by §44-5-16. The trial justice ruled that petitioners' account did not reasonably comply with the statutory obligation to file a true and exact account. This holding was based on the trial justice's finding that the tax assessor had substantial grounds for determining that the account did not include a significant portion of their taxable property. He noted that jewelry, brought to Newport by Mrs. Van Alen each summer, was an example of the noninclusion of possibly substantial taxable property.

The petitioners argue that in finding the account inadequate because of omissions in the list of property, the trial justice ignored the recent developments in the law with respect to the effect of a failure to list all ratable property acknowledged by this court in *Ewing* v. *Frank*, 103 R.I. 96, 234 A.2d 840 (1967). In that case we noted the effect of the 1965 amendment to §44-5-16 as enacted by P.L. 1965, ch. 61.

> "[I]n those cases wherein the taxpayer is contesting the assessment either on his real or personal property and there is an insubstantial or inadvertent inadequacy, inaccuracy or omission in the listing of the contested categor *, the superior court may afford the petitioner relief despite the imperfections in his filed account." *Ewing* v. *Frank, supra* at 102, 234 A.2d at 843.

However, even if we accept arguendo the petitioners' proposition that the omissions in the list of property were in-

due process. Since we hold that petitioners' challenge is to the legality of the assessment and thus they are entitled to review despite the failure to file accounts, we need not reach this issue. However, we note that the constitutional question raised was answered in *Sayles Finishing Plants, Inc* v. *Toomey*, 95 R.I. 471, 188 A.2d 91 (1963).

substantial, we do not believe the account was adequate under the statute. Section 44-5-16 requires that the account be accompanied by either the taxpayer's notarized oath as to the truth of the account, or a written appointment authorizing an agent to make the account and oath. The petitioners' account contained neither. While the 1965 amendment to §44-5-16 authorizes the Superior Court to overlook insubstantial omissions in the list itself, nothing in that section confers authority upon the judiciary to ignore the statutory requirement that the list be accompanied by either a personal oath or a written appointment. Since the petitioners did not file an adequate account, they are not entitled to judicial review of their claim of overassessment. On remand, consideration must be limited to the question of illegality in the assessments.

The petitioners' appeal is sustained in part and denied in part, the judgment appealed from is reversed in part and affirmed in part, and the cause is remanded to the Superior Court for further proceedings consistent with this opinion.

*Louis Baruch Rubenstein, William G. Gilroy, Robert S. Ciresi,* for petitioners.

*James S. O'Brien,* City Solicitor, for respondent.