[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before the court is NOS Limited Partnership, et al and Wellington Hotel Associates, et al (hereinafter "plaintiffs") requesting relief from a tax assessment made by Allan Booth, Jr. (hereinafter "defendant Booth"). Joseph Crawshaw, Collection Supervisor for the City of Newport was also named a defendant. The court has bifurcated this trial for the initial determination of whether the assessment was illegal and/or intentionally discriminatory. Jurisdiction is pursuant to Rhode Island General Laws 1956 (1989 Reenactment) § 44-5-26 and § 44-5-27.
Plaintiffs own and operate the Newport Onshore and the Wellington Hotel and Racquet Ball Club, respectively. The above-mentioned properties consist of time-share suites contained within several separate buildings. Both properties, located on the Newport waterfront, were initially declared condominium projects and then, subsequent thereto, designated as time-share units.
Defendant Booth's method of assessment was to deduce the square footage of an average room size of a suite of the subject properties and then multiply this average size by one hundred dollars per square foot. Defendant Booth selected this unit of comparison, taken from residential condominium projects, after analyzing properties similar to the properties involved in the case at bar. Finally, after calculating the assessed value, defendant multiplied that figure by the number of suites at the respective properties to arrive at a total assessed value. Defendant Booth testified at trial that he refrained from directly comparing the subject properties to various Newport hotels since resident condominium units proved to have similar amenities to the subject properties.
Plaintiffs' challenge the legality of defendant Booth's tax assessment of the subject properties. Additionally, plaintiffs' contend that they have been "singled-out" for intentionally discriminatory tax assessment.
The statutory method for challenging a tax assessment is provided in R.I.G.L. 1956 (1988 Reenactment) § 44-5-26 which states, in pertinent part that:
 Any person aggrieved on any ground whatsoever by any assessment of taxes . . ., may within three (3) months . . . file an appeal with the local assessor and within thirty (30) days after a final decision . . ., file a petition in the superior court.
However, subsection (b) of R.I.G.L. § 44-5-26 further provides:
. . . [i]n the case the person has not filed an account, that person shall not have the benefit of the remedy provided in this section and in § 44-5-27 to § 44-5-31, inclusive, unless . . .
 (2) the tax assessed is illegal in whole or in part; and that person's remedy shall be limited to a review of the assessment on the real estate or to relief with respect to the illegal tax as the case may be.
By failing to file an accounting, the plaintiffs' are limited to arguing the illegality of the assessment. See, Van Alen v.Stein, 376 A.2d 1383, 1387 (1977). The plaintiffs have the burden of proving that an assessment is illegal. Kargman v.Jacobs, 113 R.I. 696, 700, 325 A.2d 543, 547 (1974).
For a tax assessment to be illegal it must be made "outside the ambit of state law." Inn Group Associates v. Booth,593 A.2d 49, 51 (1991). The Rhode Island Supreme Court provides the tax assessor with broad discretion in assessing taxes. Kargman,
at 548. In Kargman, the Court stated:
 It is our belief that the tax assessor is not bound by any particular formula, rule or method as he seeks to ascertain the fair market value of real estate. Kargman, at 547.
A mistake which results in an over assessment will not automatically be considered illegal. C.I.C.-Newport Associationv. Stein, 403 A.2d 658, 662 (1979). Examples of illegal tax assessments include assessments made on tax exempt property and those made where the tax assessor does not have jurisdiction over the property. Id. at 662.
The Illegality Issue
Challenging the legality of the tax assessment, plaintiffs proffer certain arguments. First, plaintiffs contend that defendant Booth, failed to assess the time-share development as a whole unit, in violation of the Rhode Island Real Estate and Time-Share Act ("Time-Share Act"). The Time-Share Act provides:
 Each Time-Share estate constitutes for all purposes a separate estate in real property. Assessments can only be made on the real property values of the development. R.I.G.L. 1956 (1984 Reenactment) § 34-41-1.03(b) (Supp. 1991).
The Rhode Island Supreme Court recently held that the Time-Share Act requires that assessments be made on the time-share developments as whole unit without regard to the individual interests in the time-share estates. Inn Group Associates, at 55.
However, the case at bar is distinguishable from Inn GroupAssociates. In Inn Group Associates, the tax assessor calculated the value of the time-share development by totaling the purchase price of the individual interval units. Id. at 51. An interval unit is generally a one week period of ownership.Id. at 50. The price of a one week unit was multiplied by fifty-two weeks in a year and then by the number of suites in the development to come up with the the value of the time share development. This method clearly violates the Time-Share Act as it separately assessed the value of each time share estate by utilizing its purchase price rather than the value of the real property. Such a method was not employed in the case at bar.
In the matters before the Court defendant Booth has calculated the average value of each suite as an intermediate step in determining the value of the whole development. In doing that defendant Booth did not ascertain the value of the individual time share estates in determining the value of the development as is proscribed by Inn Group Associates. The defendant's method did not result in separate taxation and assessment of each time-share estate and was not, therefore, in violation of the Time-Share Act.
In summary, the defendant has not assessed the value of each time-share interest, i.e. a one-week interest in the property, but rather has deduced the value of the entire development by calculating a per square foot value with respect to the various suites that comprise the property. His method is not violative of the Time-Share Act.
Furthermore, plaintiffs contend defendant's use of condominiums as opposed to hotels as a unit of comparison resulted in an unlawful assessment. Plaintiffs rely on the Newport Zoning Ordinance which states, in pertinent part, as follows:
 Section 1260.19 (42) —
 "Transient Guest Facilities" mean facilities designed primarily for occupancy on a day-to-day or week-to-week basis . . . including Time-Share property and Time-Share units, as defined by Rhode Island General Laws 34-41.
In assessing the subject properties, defendant Booth, chose resident condominiums, not transient guest facilities (hereinafter "hotels"), as the unit of comparison. However, defendant Booth has also testified that in using resident condominiums as a unit of comparison he considered their similarities to Newport hotels. While plaintiffs assert defendant Booth erred by failing to compare said properties to other hotels, the local zoning ordinances does not impose any particular methodology upon an assessor when valuing the subject property. Moreover, the Court is mindful of the fact that the plaintiffs failed to file an "account" pursuant to R.I.G.L. 1956 (1988 Reenactment) § 44-5-26 to provide the assessor with income and expense or other data that would have allowed him to consider fully a hotel based methodology of valuation as advocated by plaintiffs. Therefore, defendant Booth's method of assessment is not "outside the ambit of state law." Inn Group Associates at 51.
The Rhode Island Time Share Act R.I.G.L. 1956 (1984 Reenactment) § 34-41-1.03(b) (Supp. 1991) addresses the statutory requirements for assessing time-share property. The methods of assessment are left to the discretion of the tax assessor. While current zoning is an entirely proper factor for the assessor to consider in reaching his determination as to fair market value,Shell Oil Co. v. Supervisor of Assessments of Prince George'sCounty, 366 A.2d 369 (Md. 1976), it does not dictate any particular methodology to be employed by the assessor.
The Discrimination Issue
Plaintiffs also allege defendant Booth used intentional discriminatory practices during the assessment process. By defendant Booth's failing to compare subject properties to other hotels, plaintiffs assert they were "singled out" for discriminatory tax treatment. With respect to discriminatory treatment, plaintiffs bear the burden to prove defendant intentionally sifted them out. Picerne v. Diprete,428 A.2d 1074 (R.I. 1981). Plaintiffs analogize the discriminatory assessments in Picerne to that of the case at bar. However, inPicerne, the defendant mayor ordered the city's tax collector to expunge certain reassessments from tax rolls to raise additional funds for the city. Nothing so egregious was displayed by defendant Booth. Since defendant Booth was not required to utilize a particular methodology when making his assessment, plaintiff's were not "singled-out." Furthermore, the plaintiffs set forth no legally competent evidence to show any purposeful discrimination. In addition, defendant Booth, before deciding to use resident condominiums as the unit of comparison, carefully analyzed their similarities to Newport hotels. The Rhode Island Supreme Court has declared "singling-out" one taxpayer to be illegal, Id., however, this court is satisfied that no systematic or intentional discrimination was practiced by defendant Booth.
Conclusion
For the reasons herein above set out, the court finds that the property of the plaintiffs has not been illegally assessed or intentionally discriminated against. Counsel shall prepare a form of judgment on behalf of the defendants.