DECISION
Plaintiff, Hillside Associates, a Rhode Island partnership and owner of certain real estate in the City of Woonsocket, designated as Assessor's Plat 46B Lot 194, appeals the tax assessment of said property for assessment years December 31, 1987, 1988 and 1989. The gist of the complaint is that the assessment was far beyond the property's full and fair cash value and is illegal in whole or in part.
The Woonsocket Tax Board of Assessment Review upheld the original valuation of $520,000 as of December 31, 1987 but reduced the valuation to $419,242 as of December 31, 1988 which applied equally to December 31, 1989. Plaintiff appeals to this court claiming these valuations remain above the full and fair cash value of the realty and should be reduced to the value a willing and able buyer would spend, namely $295,000.
It is conceded that plaintiff filed a timely appeal for each of the subject years. However, defendant raises as an issue that plaintiff failed to file an accounting for the December 31, 1987 assessment, which defendant alleges is required by R.I.G.L. §44-5-26 in order for plaintiff to receive the benefit of the remedy it seeks.
Defendant also suggests that R.I.G.L. § 44-5-11 requires municipalities to revalue its real property every ten (10) years and that revaluation is to remain in effect for said period. The court finds this last argument specious in that such interpretation flies in the face of R.I.G.L. § 44-5-26 which provides relief under certain conditions. Statutes are to be considered in conjunction with each other and are to be interpreted in a manner which does not result in absurdities. Such would be the case if defendant's argument were adopted.
The issue raised by defendant as to the filing of an accounting is a matter which deserves further consideration. Defendant states that because the plaintiff did not file an account with the Woonsocket Tax Assessor's Office for December 31, 1987, 1988 or 1989, the plaintiff is barred from contesting the assessments, pursuant to R.I.G.L. § 44-5-26. Plaintiff refutes this argument, stating that R.I.G.L. § 44-5-26(b) and §44-5-31 do provide a form of relief where there has been no account filed. Section 44-5-26(b) states in pertinent part:
 (b) . . . [I]n case the person has not filed an account, that person shall not have the benefit of the remedy provided in this section and in §§ 44-5-27 to 44-5-31, inclusive, unless (1) that person's real estate has been assessed at a value in excess of the value at which it was assessed on the last preceding assessment day, . . . and has been assessed, if assessment has been made at full and fair cash value, at a value in excess of its full and fair cash value, . . ., or (2) the tax assessed is illegal in whole or in part; and that person's remedy shall be limited to a review of the assessment on the real estate or to relief with respect to the illegal tax as the case may be.
Section 44-5-31 states in pertinent part:
 44-5-31. Judgment where taxpayer has not filed account. — If the taxpayer has not filed an account, and if on the trial of the petition, . . ., it shall appear (1) that his or her real estate has been assessed at a value in excess of the value at which it was assessed on the last preceding assessment day, . . . and that the real estate has been assessed, if assessment has been made a full and fair cash value, at a value in excess of its full and fair cash value, . . . or (2) that the tax assessed is illegal in whole or in part, the court shall give judgment that the sum by which the taxpayer has been so overtaxed or illegally taxed, . . . .
These statutes, as all taxing statutes, must be strictly construed against the taxing authority and all doubts resolved in favor of the taxpayer. Van Alen v. Stein, 119 R.I. 347, 359,376 A.2d 1383 (1977).
The requirement that a taxpayer file an account is designed to aid the assessors in their duty of rendering an appropriate assessment. Therefore, the Legislature has required that a taxpayer file an accounting as a condition precedent to a suit challenging an assessment. The statute is clear; the failure to file a timely account deprives this court of jurisdiction to consider the taxpayer's claim of over assessment. CIC-Newport,Associates v. Stein, 121 R.I. 844, 848, 403 A.2d 658 (1979) and cases cited therein.
The plaintiff argues that it falls under the exception as stated in § 44-5-26(b): namely, that the assessment made as of December 31, 1987, which sets the valuation for the following ten (10) years, exceeded the preceding assessment and was in excess of the property's full and fair cash value. Based on this, the plaintiff argues that this court has the jurisdiction to review these assessments and should find, based upon the evidence and testimony, that the assessments are excessive.
1988 and 1989 Tax Years
This court does not have the jurisdiction to review the assessments for 1988 and 1989. The uncontradicted evidence indicates that the assessments for 1988 and 1989, $419,242, is less than the assessment for 1987, $520,000. Therefore, according to § 44-5-26(b), this court does not have the jurisdiction to entertain the plaintiff's complaint with regard to the 1988 or 1989 assessment. The plaintiff argues that the revalued figures for 1988 and 1989 should not be used, but rather the $520,000 assessment set in 1987, which was reduced on appeal by the Woonsocket Tax Board of Assessment Review for the years 1988 and 1989, should be utilized. Were this court to use the value of $520,000 for each tax year on appeal, this court would still lack the jurisdiction to review the assessment for 1988 and 1989 because the Legislature did not provide an exception to the requirement of filing an account in a case where the assessment remained unchanged. The only exception to the basic rule is when the assessment is increased from the preceding tax year. Therefore, this court does not have jurisdiction to review the 1988 and 1989 assessment on the grounds of over-taxation.
Although the plaintiff is precluded from arguing overtaxation for these years, plaintiff is not left without a remedy. Section44-5-26 allows for relief from an illegal taxation without the necessity for an account. Some examples of illegal taxation are when exempt property is assessed, the assessor acts without jurisdiction, the assessment is made in a discriminating manner or the assessment is fraudulently rendered. See CIC-Newport,
121 R.I. at 852-53. However, no similar and requisite facts were plead in this case. Simple over taxation does not necessarily rise to the level of illegal taxation. Sayles Finishing Plants,Inc. v. Toomey, 95 R.I. 471, 482, 188 A.2d 91 (1963). Because this court finds, based on the evidence and testimony presented, that the tax was legally assessed, plaintiff does not come within the exception to § 44-5-26(b). Consequently, this court lacks the jurisdiction to review the assessments for 1988 and 1989.
1987 Tax Year
Plaintiff also challenges the assessment for the tax year ending December 31, 1987. Again, plaintiff argues that he falls within the exception to § 44-5-26(b) because the 1987 assessment is in excess of the previous assessment and because the assessment is in excess of the real estates full and fair cash value and is illegal in whole or part. The term "full and fair cash value" means the price that the property would bring in a transaction between a willing seller and a willing buyer in a fair market. See Kergman v. Jacobs, 122 R.I. 720, 722 n. 2,411 A.2d 1326 (1980). Furthermore, with respect to expert testimony, a trier of fact can accept the valuation of one expert and reject that of another. Id. at 735.
The evidence presented consisted of stipulated facts and the testimony of two real estate appraisers. Plaintiff's appraiser stated that in his professional opinion the property's full and fair value was $295,000 as of December 31, 1987. Both parties' experts used the three accepted methods of valuation: reproduction costs minus depreciation, capitalization of income and comparable sales methods.
Plaintiff's expert testified that he only used one comparable sale, the building located next door to the contested property; 1625 Diamond Hill Road, which sold on January 4, 1988 for $550,000; whereas, defendant's expert relied on a greater number of comparable sales. The building next door, both experts admit, has slightly more rental space which accounts for its higher value. Plaintiff's expert did not adequately explain why he determined that the subject property was worth more than $200,000 less than the property next door. Although both buildings are used for the same purpose, the parties' experts varied in how they classified the subject building, medical v. general office, the depreciation factor of the real estate and the rental value. This court finds that the subject property cannot be classified as fifty (50) percent medical office space as the plaintiff suggests. Although part of the subject property is used as medical offices, the subject property was not specifically designed for such use and therefore could easily accommodate various uses.
The evidence presented does not indicate that the December 31, 1987 assessment is in excess of the full and fair cash value of the property. Nor, as stated above, has it been demonstrated that the 1987 assessment was illegal. Consequently, plaintiff's appeal is denied and dismissed and the valuations assessed by the Woonsocket Tax Board of Assessment Review are affirmed.
Counsel for defendant to submit an appropriate judgment for entry.