226 A.2d 814.

BROWN & SHARPE MANUFACTURING COMPANY *vs.* LOUIS T. COTE, *Assessor of Taxes of the City of Providence.*

FEBRUARY 21, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin, Kelleher, JJ.

JOSLIN, J. This statutory petition for relief from a tax allegedly unfairly assessed as of December 31, 1964 against the plaintiff's tangible personal property was brought in the superior court under G. L. 1956, §44-5-26, against the assessor of taxes for the city of Providence. It is before us on the defendant's appeal from a judgment entered in that court denying his motion for summary judgment and granting the plaintiff's motion for summary judgment.

## THE FACTS

The controlling facts were either stipulated or are otherwise agreed to by the parties and can be briefly summarized. The plaintiff carried on the major portion of its manufacturing activities within this state and had its principal place of business in the city of Providence during the larger por-

tion of the twelve months next preceding 12 o'clock noon on December 31, 1964.[1] On May 1 of that year it caused its articles of association to be amended so that they showed the town of North Kingstown rather than Providence as its principal place of business. Thereafter, in or about the month of August 1964, it moved its executive and administrative offices from Providence to North Kingstown, and from about December 1, 1964 has carried on the major part of its Rhode Island manufacturing activities within that town.

The plaintiff in accordance with the provisions of §44-5-15 gave defendant notice of its intention to bring in between April 1 and April 15 in the year 1965 a true and exact account of the ratable estate owned or possessed by it in or ratable in Providence on the 1964 assessment date. That account, filed in due course, consisted of more than fifty pages and enumerated thousands of items in two separate schedules, one of which purported to give a true and exact account of all ratable estate owned or possessed by it within or ratable in Providence on that day. The petitioner valued that estate at $549,010. The second schedule listed property physically situated in North Kingstown on December 31, 1964. It was valued at $10,761,093 and was claimed to be exempt from and not subject to tax by the city of Providence.[2]

The defendant rejected petitioner's valuations and its claim of exemption. He assessed its ratable tangible personal estate in the following manner:

---

[1] By G. L. 1956, §44-5-1, the 31st day of December in each year at twelve o'clock noon is designated as the "date of assessment of town valuations."

[2] Apparently the filing of an account of such property accompanied by a claim of exemption was a precautionary step taken in the light of the statement in *Ewing* v. *Tax Assessor,* 93 R. I. 372, 376, which reads: "The statute requires an account of all of a taxpayer's *ratable* property, whether it is taxable or not."

| "Acct. # | Name and Address | Tangible Personal | Tax |
|---|---|---|---|
| "02 523 300 | Brown & Sharpe Mfg. Co. 235 Promenade Street Providence, R. I. (Made sworn statement) | $ 1,080,000 | $ 42,120. |
| "02 523 301 | Brown & Sharpe Mfg. Co. 235 Promenade Street Providence, R. I." | 11,444,000 | 446,316. |

We need not concern ourselves with the tax assessed under account No. 02 523 300. The parties have agreed that the property which is the subject of that assessment was properly taxable by Providence and that its full and fair cash value on that date was $950,000, rather than $1,080,000 as assessed by defendant. The superior court judgment reflects that agreement and permits an amount attributable to the overvaluation to be deducted from that assessment.

The assessment under account No. 02 523 301 is against that tangible property which the parties stipulate was "of a kind of type mentioned, enumerated and covered by G. L. R. I. sec. 44-4-10." All of that property, sometimes hereinafter referred to as the "assessed property" or the "property assessed," although situated in North Kingstown on assessment date, had in fact been physically located in Providence for the larger portion of the twelve months next preceding that date, and it is to determine whether Providence or North Kingstown had the right to tax it that plaintiff commenced this and a companion proceeding against the assessor of North Kingstown.[3] Although both causes were consolidated for hearing in the superior court,

[3] Although the parties have not stipulated that such property was in Providence for the greater part of the calendar year 1964, they proceeded both in the superior court and here on that assumption.

they were briefed and argued separately here[4] and will be so considered.

## THE TAXABLE SITUS OF §44-4-10 PROPERTY

The principal issue is the taxable situs of the property assessed, and how §§44-4-10 and 44-4-24[5] should be construed.

The defendant contends that §44-4-24 controls and makes Providence, the place where the assessed property was situated for the larger portion of the year 1964, its taxable situs. That section provides in substance that "Except as otherwise provided by §§44-4-9 to 44-4-23, inclusive, or by any other law" all ratable property, both tangible and intangible, shall be taxable in the city or town wherein the owner had his principal place of abode for the larger portion of the twelve months next preceding assessment day.

The difficulty with defendant's contention is, of course, that it is "otherwise provided" in §44-4-10[6] that property

---

[4]For our opinion in the North Kingstown case, see *Brown & Sharpe Mfg. Co.* v. *Sheehan*, 101 R. I. 676, 226 A.2d 819.

[5]All references to either §§44-4-10 or 44-4-24 are to those sections as they read on assessment date and prior to being amended by P. L. 1965, chap. 112, secs. 1 and 2.

[6]Insofar as here pertinent §44-4-10 reads as follows:

"The fixtures enumerated in §44-4-3, all picking, carding, spooling, drawing, spinning and reeling frames, dressing and warping machines, looms, tools and machines of all sorts, propelled by steam, water, electric, or other power, in any factory, machine shop, print works, manufacturing or other establishment of any kind, and all livestock and farming tools on farms *shall be taxed to the owner in the town where they are situated, in the same manner as if the owner resided there.* All fixtures, tools, machinery, stock in livery stables, livestock, farming tools, goods, wares, merchandise, and other stock in trade, including stock in the business of manufacturing or of the mechanic arts and all other tangible personal property situated or being in any town, in or upon any store, mill, dock yard, piling ground, place for sale of property, shop, office, mine, quarry, farm, place of storage, manufactory, warehouse or dwelling house therein, belonging to any person, partnership, corporation, joint stock company or association, *shall be taxed to such person, partnership, corporation, joint stock company, or association in the town where said property is situated.*" (italics ours)

"of the kind or type mentioned, enumerated or covered" therein shall be taxed to the owner thereof in the town where it is "situated." That directive is clear, unambiguous and explicit. It made the assessed property, which the parties have stipulated was of the kind and type enumerated and covered by §44-4-10, taxable in North Kingstown where it was situated on assessment date just as if plaintiff had resided there. No other construction makes sense.

There is nothing in *Whitmarsh* v. *Gallotta,* 84 R. I. 234, relied upon by defendant, which supports or even suggests a contrary result. In that case the taxpayers, resident in Little Compton on assessment date in 1952, had their principal place of abode in Providence for the larger portion of the twelve months next preceding that date. This court rejected their complaint that Providence had illegally taxed their intangibles. The distinction between the two cases is obvious. In *Whitmarsh* the assessment was against intangible personal property which was taxable under §44-4-24 at the place where the owners had their principal place of abode for the larger portion of the twelve months next preceding the assessment date because the legislature had not "otherwise provided" a taxable situs for such property. In this case, however, the legislature has, as we have already observed, "otherwise provided" a different taxable situs for property "of a kind or type mentioned, enumerated and covered by G. L. R. I. Sec. 44-4-10."

The defendant argues further that a proper consideration of the purposes which prompted the "larger portion of the twelve months" rule, first enacted in Revised Statutes 1857, chap. 38, sec. 10, and retained ever since in substantially the same form, will lead to the conclusion that Providence had jurisdiction to tax. It is, of course, true that the rule was intended to prevent tax avoidance and was designed, as Chief Justice Ames said, to remedy an evil whereby:

"Persons having a double residence, in town and country, would not unfrequently select the latter as their

domicil, though they spent only the summer months
there, for the purpose of escaping, so far as their per-
sonal property was concerned, the higher rate of town
taxation, whilst they enjoyed, during the greater por-
tion of the year in town, all the comforts and conveni-
ences secured by it." *Greene* v. *Gardiner,* 6 R. I. 242,
244.

Notwithstanding that purpose, however, the legislature by
its adoption of that rule in nowise evinced an intention to
recant its earlier limited rejection of the traditional con-
cept under which personal property was taxable at the
domicile of its owner. Instead, in sec. 12 of the same chap-
ter, following the format of P. L. 1844, sec. 32, page 432, it
provided that "live-stock and farming tools on farms," and
certain types of machinery located or used in manufactur-
ing establishments should be taxed in the town where they
were situated in the same manner as if their owner resided
there, rather than at his domicile. Only five years later
this court in *Steere & Tinkham* v. *Walling,* 7 R. I. 317, held
that the kinds and types of property enumerated and de-
scribed in Rev. Stat. 1857, sec. 12, chap. 38, were indeed
taxable in the town where situated. Inferentially, and as
a necessary corollary, of course, it held also that the "larger
portion of the twelve months" rule did not apply to all
"*ratable* personal property."[7]

Today's overall taxing scheme or plan is no different from
what it was in 1857 when chap. 38 was enacted. Sections
44-4-10 and 44-4-24 are the updated versions of their ante-
cedents, Rev. Stat. 1857, secs. 12 and 10 of chap. 38. The

---

[7]The same principle is found in dicta in *Anthony* v. *Caswell,* 15 R. I. 159,
where the court said at p. 160: "Our statutes provide * * * that 'all ratable
personal property shall be taxed in the town in which the owner shall have
had his actual place of abode for the larger portion of the twelve months
next preceding the first day of April in each year, unless otherwise pro-
vided.' * * * There are special provisions that certain kinds of personal
property shall be regarded as real estate for the purposes of taxation, and
that certain other kinds, capable of having a local situs, shall be taxed
in the towns where they are situated."

operative effect of "the larger portion of the twelve months" rule is limited today just as it was when *Steere & Tinkham* v. *Walling, supra,* was decided in 1862. It applies if another enactment does not "otherwise provide" and will be over-ridden by a positive legislative directive to tax certain kinds of property to the owner at the place where they are situated as if their owner resided there. This is so even though, as defendant seems to fear, it may permit a taxpayer to select a town other than the one in which he resides for the larger portion of any year as the taxable situs of his §44-4-10 property.

### The Jurisdiction of the Superior Court

The defendant goes further, and, conceding arguendo that the taxable situs of the disputed property was North Kingstown rather than Providence, contends that the superior court had no jurisdiction to grant relief under §44-5-26 because plaintiff failed to comply with §§44-5-15 and 44-5-16. Those provisions, as construed in *Ewing* v. *Tax Assessor, supra,* and *Sayles Finishing Plants, Inc.* v. *Toomey,* 95 R. I. 471, require a taxpayer to file a reasonably adequate account of all his ratable estate as a condition precedent to a suit for relief from an alleged overassessment. The challenge to the assessment on account No. 02 523 301, however, is to its legality and not to its amount. In such circumstances, "It is to be noted that by the very terms of the statute a taxpayer is entitled to a judicial review of an assessment which he claims to be illegal, as distinguished from excessive, without the prior requirement of making an account." *Sayles Finishing Plants, Inc., supra,* at 480.

The defendant's appeal is denied and dismissed, the summary judgment for the plaintiff is affirmed, and the case is remitted to the superior court for further proceedings.

*Hinckley, Allen, Salisbury & Parsons, Matthew W. Goring, Edward M. Watson,* for plaintiff.

*Vincent A. Ragosta,* for defendant.