**ROCK RIDGE LIMITED, a.k.a. Rock Ridge Ltd., a Rhode Island Limited Partnership,**

v.

**ASSESSOR OF TAXES of the City of Woonsocket.**

**No. 94–644–Appeal.**

Supreme Court of Rhode Island.

Dec. 11, 1995.

E. Howland Bowen, Providence, for Plaintiff.

Jeffrey Gladstone, Normand G. Benoit, Providence, for Defendant.

## OPINION

PER CURIAM.

This matter came before the Supreme Court on November 7, 1995, pursuant to an order directing both parties to appear and show cause why the issues raised in this appeal should not be summarily decided. The plaintiff, Rock Ridge Limited, a.k.a. Rock Ridge Ltd., a Rhode Island Limited Partnership (petitioner), has appealed from the entry of summary judgment in favor of the defendant, the Assessor of Taxes of the City of Woonsocket (respondent).

After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, we are of the opinion that cause has not been shown and that the issues raised by this appeal will be decided at this time.

The petitioner corporation, the owner of real property in the city of Woonsocket, filed four tax-abatement petitions for the years 1990 through 1993, challenging the property tax assessed by respondent as excessive. The respondent promptly filed a motion for summary judgment with a supporting affidavit. The respondent argued that petitioner was precluded, as a matter of law, from pursuing its claim because it failed to file an account pursuant to the statutory require-ment contained in G.L.1956 (1988 Reenactment) § 44–5–15, as amended by P.L.1989, ch. 4, § 1. The petitioner opposed the motion to dismiss on the grounds that the tax notice was insufficient and the statute was unconstitutional. After a hearing on the matter, the tax assessor's motion to dismiss was granted.

The petitioner argues on appeal that the notice published in the local newspaper under § 44–5–15 was insufficient in that it failed specifically to inform the reader of the repercussions of failing to file an account. The petitioner also asserts that the advertisement and notices were not published in a timely manner. Upon review of the record, we are of the opinion that petitioner's claims are without merit.

This court reviews the granting of summary judgment by applying the same standard as the trial justice is required to do. *Textron, Inc. v. Liberty Mutual Insurance Co.*, 639 A.2d 1358, 1362 (R.I.1994). "[T]he trial justice must review the pleadings, affidavits, and other appropriate evidence in the light most favorable to the party opposing the motion." *Id.* If no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, the motion must be granted. *Id.*

The trial justice in this case concluded that the Superior Court had "no jurisdiction" to hear the matter on the basis of petitioner's failure to file an amended account. In using the language "no jurisdiction," the trial justice was referring to language loosely used by this court in case precedent. *See CIC–Newport Associates v. Stein,* 121 R.I. 844, 848, 403 A.2d 658, 660 (1979); *Van Alen v. Stein,* 119 R.I. 347, 362, 376 A.2d 1383, 1391 (1977); *Brown and Sharpe Mfg. Co. v. Cote,* 101 R.I. 668, 675, 226 A.2d 814, 818 (1967). We shall take this opportunity to state that to hold that a court is deprived of subject-matter jurisdiction because a litigant fails to satisfy one of the conditions precedent to bringing an action is an incorrect statement of law. Cases so stating are no longer controlling. Under the statute in this case the Superior Court would always have subject-matter jurisdiction to hear claims for tax abatement.

There is a critical distinction between the complete absence of jurisdiction over the subject matter and the refusal to exercise that jurisdiction because it was not properly invoked. "[J]urisdiction over the subject-matter is invested by law in the judge, or in the court which he [or she] holds, [however], the manner and extent in which the jurisdiction shall be exercised are * * * questions for his [or her] determination * * * although upon the correctness of his [or her] determination in these particulars the validity of his [or her] judgment[ ] may depend." *Hartt v. Hartt,* 121 R.I. 220, 228, 397 A.2d 518, 522 (1979) (quoting *Bradley v. Fisher,* 80 U.S. (13 Wall.) 335, 351–52, 20 L.Ed. 646, 651 (1872)). By failing to file an account of the property pursuant to the statutory requirement of § 44–5–15, petitioner failed to satisfy a condition precedent to allow it to challenge the tax valuation on its merits. It must be noted that the taxpayer concedes that the 1990 assessment did not exceed the prior year's assessment. Thus, it was not eligible for the benefit of § 44–5–26(b).

On the merits of this case, the petitioner is not correct in asserting that the published notice of the tax assessment was deficient regarding its content. There is no statutory requirement that the notice reveal the consequences of the failure to file an account. The respondent complied with the statute in issuing a notice that those liable for taxation are "*required* to bring to the City Assessor a true and exact account of all ratable estate owned by him, or it * * *." (Emphasis added.) The petitioner was on notice that the filing of an account was required. The ramifications of the failure to file an account are set forth in the taxing statutes and are not required to be set out in the notice. Section 44–5–16(a) provides that "whoever neglects or refuses to bring in the account, if overtaxed, shall have no remedy therefore [save that afforded by § 44–5–26]." Given the case law and the provisions of the statute, it is our opinion that the trial justice properly granted respondent's motion for summary judgment.

The petitioner has also raised some constitutional issues on appeal. However, in light of our foregoing conclusion, it is not necessary to address the constitutional issues. This court "will refrain from passing on a constitutional question when it is clear that the case before us can be decided on another point and that a determination of such a question is not indispensably necessary for a disposition of the case." *McGee v. Stone,* 522 A.2d 211, 215 (R.I.1987).

For all these reasons the petitioner's appeal is denied and dismissed. The order appealed from is affirmed, and the papers of the case are remanded to the Superior Court.