**David T. CHASE et al.**

v.

**Arthur BOUCHARD, Jr., in His Capacity as Tax Assessor of the City of Woonsocket.**

**No. 94–33–Appeal.**

Supreme Court of Rhode Island.

Feb. 28, 1996.

Mark L. Smith, Providence, for Plaintiff.

Jeffrey H. Gladstone, Normand G. Benoit, Providence, Denise Auger, Cumberland, for Defendant.

**OPINION**

LEDERBERG, Justice.

This case came before the Supreme Court on an appeal by the defendant, Arthur Bouchard, Jr., in his capacity as tax assessor of the city of Woonsocket (tax assessor), from three Superior Court judgments in favor of the plaintiffs, David T. Chase and Israel Resnikoff (the taxpayers). We deny and dismiss the appeal and affirm the judgments in favor of the taxpayers. The facts of the case insofar as pertinent to this appeal are as follows.

On February 23, 1990, April 11, 1991, and June 23, 1992, the taxpayers, who owned a shopping center on Diamond Hill Road in Woonsocket, Rhode Island, filed petitions for relief from assessment of taxes. The three cases were consolidated and were tried before a justice of the Superior Court on varying dates beginning April 27 and ending on May 10, 1993. These cases were considered on their merits. After the conclusion of testimony the trial justice determined that the fair-market value of the taxpayers' property for the tax year 1988 was in the sum of $6,930,000; for the tax year 1990, the fair-market value was $7.8 million, and for the tax year 1991, the fair-market value was determined as $8,295,000. These sums were less than the amount of assessment as of December 31, 1987, wherein the tax assessor valued the taxpayers' property at $17,337,835. This amount was also in excess of the valuation for the prior year. As of December 31, 1986, this property had been valued at a sum of $3,266,944. As a result of these findings of fair-market value, the trial justice entered judgment for the taxpayers for refunds for each of the years in question. For the year 1988, the judgment was in the amount of $190,463.38 plus prejudgment interest of $104,754.65, for a total of $295,218.03. For the year 1990, the trial justice ordered a refund of $200,901.49 plus prejudgment interest of $62,279.31, for a total of $263,180.80. For the year 1991, the trial justice ordered a refund of $203,012.40 plus prejudgment interest of $38,572.28, for a total of $241,584.68.

These judgments were entered on December 1, 1993. From these judgments the tax assessor has appealed.

■ The sole issue raised by the tax assessor in his appeal was that the Superior Court lacked subject-matter jurisdiction to determine the fair-market value of the subject property on the merits of these cases because the taxpayers had not filed an account for any of the years in question pursuant to the requirements of G.L.1956 (1988 Reenactment) § 44–5–15, as amended by P.L.1989, ch. 4, § 1. Consequently, the tax assessor argued that the Superior Court had no jurisdiction over the subject matter of the claims, that the judgments were void, and that, therefore, the city's appeal must be granted. It should be noted that at no time prior to or during the trial of these three consolidated petitions did the tax assessor raise the issue of the failure to file an account, nor did he call to the attention of the trial justice the fact that accounts had not been timely filed.

■ One of our most settled doctrines in this jurisdiction is that a matter not raised before the trial court may not be raised for the first time on appeal. *Ferland Corp. v. Bouchard,* 626 A.2d 210, 217 (R.I.1993); *632 Metacom Associates v. Pub Dennis of Warren, Inc.,* 591 A.2d 379, 381 (R.I.1991); *Rhode Island Hospital Trust National Bank v. de Beru,* 553 A.2d 544, 547 (R.I.1989); *Cok v. Cok,* 479 A.2d 1184, 1188 (R.I.1984). The tax assessor argued, however, that the failure to present this issue to the Superior Court was not fatal to his argument before this court because of his claim that the Superior Court had no subject-matter jurisdiction because of the failure to file an account. It is undisputed that no such account was filed. The taxpayers argued that they were excused from filing an account because an exception to the requirement of § 44–5–15 may be found in § 44–5–26(b). That exception allows a taxpayer to file a petition for relief from assessment of taxes in the event that the taxes assessed on the year to which the petition relates is greater than those assessed for the prior year. The tax assessor countered this argument by suggesting that in this case there was no evidence in the

record that the tax assessment for the first year challenged was greater than that for the previous year, in spite of the fact that the answers to interrogatories clearly indicated that the amount of assessment increased substantially between the year effective December 31, 1986, and the year effective December 31, 1987.

The taxpayers also argued that under the holding of *Ferland Corp.,* if there is a finding of excessive assessment or valuation for a given year, then all subsequent years would be equally invalid until the next general municipal revaluation, to the extent that the assessment exceeded the full and fair-market value for the first year challenged.

These arguments are interesting, but in the posture in which this case has been presented to this court, it is not necessary for us to determine the validity of the taxpayers' position in respect to the year of first challenge and its effect upon subsequent years. It is equally unnecessary for us to consider the necessity of filing an account in circumstances wherein the taxpayers, pursuant to recent statutory amendments, provided to the board of tax appeals of the city of Woonsocket a complete accounting of the value of this real estate together with expert testimony prior to filing their petition for relief from assessment of taxes.

It is undeniably the case that this court has on prior occasions stated that the failure to file an account in accordance with statutory requirements deprives the Superior Court of subject-matter jurisdiction to consider the petition on its merits save for those exceptions that are set forth in § 44–5–26(b). *CIC–Newport Associates v. Stein,* 121 R.I. 844, 851, 403 A.2d 658, 662 (1979), and cases cited therein.

We must point out that this court during the same term as the opinion in *CIC–Newport Associates* examined very carefully the question of subject-matter jurisdiction in *Hartt v. Hartt,* 121 R.I. 220, 397 A.2d 518 (1979). In that case we outlined the distinction between lack of subject-matter jurisdiction, that is jurisdiction in the fundamental sense, from the commission of an error by a court in the course of exercising its jurisdic-

tion. 121 R.I. at 226–30, 397 A.2d at 521–23. After citing cases from numerous jurisdictions, we adopted a test set forth by the Supreme Court of the United States in the case of *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351–52, 20 L.Ed. 646, 651 (1872). In *Bradley* the Supreme Court posed an example of lack of subject-matter jurisdiction by suggesting that a Probate Court, which has jurisdiction only to try matters relating to wills and the settlement of estates, would not have subject-matter jurisdiction to try a criminal case. *Id.* This example aptly illustrates the distinction between the absence of jurisdiction in the fundamental sense and the commission of an error for which a court might be corrected on appeal, such as an evidentiary ruling or the failure to give effect to a condition precedent or to a defense properly raised by a party to a litigation.

■ The Superior Court of Rhode Island is a trial court of general jurisdiction. It is granted subject-matter jurisdiction over all cases unless that jurisdiction has been conferred by statute upon another tribunal. *La Petite Auberge, Inc. v. Rhode Island Commission for Human Rights*, 419 A.2d 274, 279 (R.I.1980). Indeed, the Superior Court has specifically been granted jurisdiction to try and to determine the question of valuation of real estate in respect to petitions for relief from assessment of taxes. Recently, in a per curiam opinion in *Rock Ridge Limited v. Assessor of Taxes of Woonsocket*, 667 A.2d 778 (R.I.1995), we reconsidered the cases that had held that the Superior Court lost subject-matter jurisdiction in the event of a failure to file an account. We held that those cases were no longer controlling and relied upon our analysis in *Hartt*, which was later followed in *La Petite Auberge, Inc.*, 419 A.2d at 279. *Rock Ridge Limited*, 667 A.2d at 780; *see also Stump v. Sparkman*, 435 U.S. 349, 357 n. 6, 98 S.Ct. 1099, 1104 n. 6, 55 L.Ed.2d 331, 339 n. 6 (1978); *Pierson v. Ray*, 386 U.S. 547, 553–54, 87 S.Ct. 1213, 1217–18, 18 L.Ed.2d 288, 294–95 (1967). This line of cases is irreconcilable with the assertions of *CIC–Newport Associates, supra.* In *Rock Ridge* we held that the failure to file an account did not and could not deprive the Superior Court of jurisdiction to consider the statutory exceptions to the requirement of

filing an account, nor did such a failure preclude the Superior Court from considering the case on its merits. *Rock Ridge Limited*, 667 A.2d at 780. We determined that the filing of an account pursuant to statute was in the ordinary course a condition precedent to allowing the petitioner to seek relief by means of a petition for assessment of damages. Like any condition precedent, it must be pleaded and must be called to the attention of the trial justice prior to trial and in accordance with Rule 9(c) of the Superior Court Rules of Civil Procedure. *Marcotte v. Harrison*, 443 A.2d 1225, 1230 (R.I.1982). The Rules of Civil Procedure are applicable to petitions for relief from assessment of taxes pursuant to Super.R.Civ.P. 81.

In the present case, even though these petitions had been filed years before they were tried, no issue relating to the failure to fulfill this condition precedent or to comply with this requirement had ever been raised, up to and including the time of rendition of final judgment.

Because we have determined to follow no longer the unpersuasive and incorrect notion that the failure to file a document prior to trial would deprive the Superior Court of subject-matter jurisdiction, we are then guided by our cases relating to the necessity of raising issues before the trial court on pain of having those issues completely ineligible for consideration for the first time on appeal.

We have held, moreover, in respect to the condition precedent of filing notice with a town council prior to bringing suit pursuant to G.L.1956 (1991 Reenactment) § 45–15–5, that the failure to plead the defense constitutes a waiver of this ground for dismissal of an action. *Mesolella v. City of Providence*, 508 A.2d 661, 666 (R.I.1986). We believe that similar consequences should flow from a city's failure to raise the defense of failure to file an account. The circumstances of this case bear eloquent testimony to the injustice of allowing a town or a city to proceed to final judgment without raising a defense and then to suggest that a judgment of the Superior Court is void. We shall no longer subscribe to such a doctrine notwithstanding that certain prior cases may have so suggest-

ed, though none in such extreme circumstances as those that obtain in the case at bar.

The tax assessor, having failed to plead and having failed to raise before the trial justice in any way the fact of failure to file an account as a condition precedent to the taxpayers' action, may not now be heard to raise this matter for the first time on appeal. Consequently, this issue cannot avail the tax assessor as any basis for relief before this court.

For the reasons stated, the appeal of the tax assessor is denied and dismissed. The judgments entered in the Superior Court in favor of the taxpayers are hereby affirmed. The papers in the case may be remanded to the Superior Court for entry of final judgment.