**Daniel J. McKEE et al.**

v.

**Arthur BOUCHARD, Tax Assessor of the City of Woonsocket.**

**No. 94–756–Appeal.**

Supreme Court of Rhode Island.

April 16, 1996.

Stacy B. Ferrara, for Plaintiff.

Joseph P. Carroll, Woonsocket, for Defendant.

## OPINION

PER CURIAM.

This case came before the Supreme Court for oral argument on March 1, 1996, pursuant to an order that directed the defendant, Arthur Bouchard, tax assessor of the city of Woonsocket, to show cause why the appeal of the plaintiff, Daniel J. McKee, should not be summarily sustained.

After considering the arguments of counsel and after reviewing the memoranda submitted by the parties, we sustain the appeal in part and deny it in part.

The plaintiff has appealed a judgment of the Superior Court that granted defendant's motion for summary judgment. At issue is the valuation of plaintiff's property following the 1987 citywide revaluation of property in Woonsocket, Rhode Island. Following the revaluation, plaintiff's property was assessed at an amount about six times higher than that of the prior assessment. The plaintiff protested this assessment, and on November 14, 1989, the tax board of assessment review (board) reduced the valuation. The Woonsocket City Council affirmed the board's decision on December 18, 1989, and plaintiff filed a complaint in Superior Court on January 10, 1990, challenging the assessment.

The first issue in this appeal is whether the date of the "final decision of any local administrative appeal" occurred on November 14, 1989, when the board voted to reduce the assessment, or on December 18, 1989, when the city council approved the assessment. In accordance with G.L.1956 § 44–5–26, a petition for relief from the assessment must be filed within thirty days of a "final" local decision. We are of the opinion that the review of the assessment was a continuous process that included the council's approval as a necessary step. Therefore, because plaintiff's complaint was filed within thirty days of the council's decision, the complaint was timely filed.

The second issue in this appeal addresses whether the filing of an annual account pursuant to G.L.1956 § 44–5–15 is required in order for the case to be considered by the Superior Court. This Court has re-

cently set forth the position that such a filing is a condition precedent for allowing a plaintiff to seek relief. In *Chase v. Bouchard*, 671 A.2d 794 (R.I.1996), and in *Rock Ridge Limited v. Assessor of Taxes of Woonsocket*, 667 A.2d 778 (R.I.1995), we held that the failure to file an account did not preclude the Superior Court from considering the case on its merits but, like any condition precedent, it must be pleaded and called to the attention of the trial justice prior to trial. Because these petitions had been filed for approximately four years without anyone having raised the question of the requirement of filing an account, defendant has waived this objection.

The third issue concerns whether the plaintiff's petition that was amended for the years 1989 and 1990 has complied with § 44–5–26. In *Northgate Associates v. Shorey*, 541 A.2d 1192 (R.I.1988), this Court held that a taxpayer who challenges an assessment must file a complaint for each tax year that an assessment is under challenge. Therefore, we conclude that the plaintiff's amendment of the petition was insufficient under *Northgate*.

In summary, therefore, we sustain the appeal in part and deny and dismiss it in part as follows. We sustain the appeal in respect to the timeliness of the plaintiff's filing his petition in Superior Court. We further sustain the appeal in respect to the condition precedent of filing an annual account, which issue has been waived by the defendant. We deny and dismiss the appeal in respect to the plaintiff's failure to submit a petition for each tax year that the assessment was challenged instead of amending it, as occurred in this case. The papers in the case may be returned to the Superior Court.

FLANDERS, J., did not participate.