**LANDFILL & RESOURCE RECOVERY, INC.**

v.

**Elizabeth GELINAS, in Her Capacity as Tax Assessor of the Town of North Smithfield.**

No. 96–213–Appeal.

Supreme Court of Rhode Island.

Nov. 24, 1997.

Louis V. Jackvony, Jr., Hugh L. Moore, Matthew T. Oliverio, Providence, for Plaintiff.

Elizabeth McDonough Noonan, Providence, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court on October 6, 1997, pursuant to an order directing both parties to show cause why the issues raised in this appeal should not be summarily decided. The plaintiff, Landfill & Resource Recovery, Inc. (plaintiff), appeals from a Superior Court judgment denying its motion for a new trial.

After hearing the arguments of counsel for the parties and after reviewing the memoranda of the parties, we are of the opinion that cause has not been shown and the appeal will be decided at this time.

The plaintiff is the owner of property in North Smithfield, Rhode Island, upon which it operated a landfill from 1974 to 1985. According to plaintiff, the property in question was assessed at $8,160 on December 31, 1981. On December 31, 1982, the assessed value increased to $2,070,400 and remained at that level for the following two tax years. The plaintiff filed three separate petitions in the Superior Court, challenging the valuation of its property by the defendant, Elizabeth Gelinas (defendant), in her capacity as Tax Assessor for the town of North Smithfield for the years 1982, 1983, and 1984. The plaintiff alleged that the property was assessed in excess of its full and fair cash value. The plaintiff also alleged that the assessment was so excessive as to be void. It is undisputed that plaintiff failed to file an account with the tax assessor for each of the tax years encompassed in the petitions as required by G.L. 1956 § 44–5–15. The petitions were consolidated for trial before a justice of the Superior Court sitting without the intervention of a jury.

At trial both parties presented experts who testified to the value of the subject property. The plaintiff's expert, William E. Coyle, Jr., testified that the value of the property was approximately $80,000. The defendant's witness, Stephen D. Hazard, who was president of the firm that did the revaluation for the town, testified that the appraised value of the property was appropriate. Both parties then submitted post trial memoranda in lieu of closing arguments.

Thereafter the trial justice issued a bench decision in which he found that plaintiff's failure to file an account as required by § 44–5–15 precluded it from passing upon the question of the appropriateness of the assessment and, we conclude, erroneously limited his ruling to the question of whether the assessment was so egregious as to amount to an illegal tax. In his decision the trial justice stated, "[c]ase law seems to indicate that even if the tax assessor has made an error, * * * under [§ ] 44–5–26 * * * an error in the assessment, unless so egregious to amount to an illegal tax, is not reviewable in the Superior Court." "[T]he mere fact that the assessing officers and their agents have proceeded on a fundamentally wrong basis or that the assessment is excessive is not alone sufficient to justify the intervention of the court at the insistence of the taxpayers. Our statute in Rhode Island limits my consideration to whether or not this assessor assessed at such an amount that it is so grossly excessive that it constitutes illegality."

Accordingly the trial justice concluded that plaintiff had failed to meet its burden in demonstrating that the assessed tax was so excessive as to be illegal, and judgment entered for defendant. The plaintiff responded by filing a motion for a new trial and/or a motion to alter or to amend the judgment. The trial justice summarily denied the motion but did enter an amended judgment for plaintiff that reads as follows: "Based on the record before it, the Court accepts the testimony of the Tax Assessor's agent, Stephen Hazard, as to the fair market value of the subject matter property of this Plaintiff." From this decision plaintiff appealed.

On appeal plaintiff argues that the trial justice failed to apply the correct legal standards in denying its challenge to the real estate tax assessments levied by defendant. Specifically, plaintiff assigns two points of error. First, it argues that the trial justice erred in holding that the 1982 assessment could be challenged only on the grounds of illegality. The plaintiff asserts that § 44–5–26(b) provides for a challenge to an assessment if it is in excess of the property's full and fair cash value *or* if it is illegal in whole or in part. Second, plaintiff argues that it was entitled to invoke the equitable jurisdiction of the court pursuant to § 44–5–27. Upon review of the record we are of the opinion that the trial justice improperly interpreted § 44–5–26 and therefore sustain plaintiff's appeal without reaching the merits of the second argument.

■ This court has previously held that a trial justice sitting without a jury may grant a new trial pursuant to Rule 59 of the Superior Court Rules of Civil Procedure only "(1) if there is an error in the judgment that is manifest on the face of the record without further examination of matters of fact or evidence; or (2) if the trial justice is satisfied that newly discovered evidence has come forward which was not available at the first trial and is of sufficient importance to warrant a new trial." *Tillson v. Feingold,* 490 A.2d 64, 66 (R.I.1985) (citing *Colvin v. Goldenberg,* 108 R.I. 198, 208, 273 A.2d 663, 669 (1971)). The party appealing an adverse ruling on a motion for a new trial assumes the burden of convincing the court on appeal that the trial justice, in considering the motion, overlooked or misconceived material evidence or was otherwise clearly wrong. *Atlantic Paint & Coatings, Inc. v. Conti,* 119 R.I. 522, 532, 381 A.2d 1034, 1039 (1977) (citing *Powless v. Pawtucket Screw Co.,* 116 R.I. 158, 352 A.2d 643 (1976); *Sweet v. Hemingway Transport, Inc.,* 114 R.I. 348, 333 A.2d 411 (1975)).

■ Section 44–5–26, "Petition in superior court for relief from assessment," provides the means by which an individual can seek relief from an allegedly excessive tax assessment. The statute states, in pertinent part:

"(a) Any person aggrieved on any ground whatsoever by any assessment of taxes against him or her in any city or town, may within three (3) months after the last day appointed for the payment without penalty of the tax, or the first installment thereof, if the tax be payable in installments, file an appeal with the local assessor and within thirty (30) days after a final decision of any local administrative appeal where such person has appealed timely the assessment to the local authority, file a petition in the superior court for the county in which the city or town lies for relief from the assessment, to which petition the assessors of taxes of the city or town in office at the time the petition is filed shall be made parties respondent, and the clerk shall thereupon issue a citation * * *.

"(b) Provided, however, that in case the person has not filed an account, that person shall not have the benefit of the remedy provided in this section and in §§ 44–5–27—44–5–31, unless (1) that person's real estate has been assessed at a value in excess of the value at which it was assessed on the last preceding assessment day, whether then owned by that person or not, and has been assessed, if assessment has been made at full and fair cash value, at a value in excess of its full and fair cash value, or, if assessment has purportedly been made at a uniform percentage of full and fair cash value, at a percentage in excess of the uniform percentage, or (2) the tax assessed is illegal in whole or in part; and that person's remedy shall be limited to a review of the assessment on the real estate or to relief with respect to the illegal tax, as the case may be."

It is undisputed in the instant action that plaintiff failed to file an account in accordance with the statutory requirements of § 44–5–15. On previous occasions this court had stated that this failure deprived the Superior Court of subject-matter jurisdiction to consider a claim of overassessment by a taxpayer save for the exceptions enumerated in subsection (b) of § 44–5–26. *See Chase v. Bouchard,* 671 A.2d 794, 795 (R.I.1996) (citing *CIC–Newport Assoc. v. Stein,* 121 R.I. 844, 851, 403 A.2d 658, 662 (1979)). The facts in this case demonstrate, however, that the assessed value of the property in question increased from $8,160 on December 31, 1981 to $2,070,400 on December 31, 1982. Pursuant to the express language of § 44–5–26(b)(1), plaintiff was entitled to a review of the assessment to determine if it had been made at full and fair cash value. Therefore, the trial justice erred in restricting his review to the issue of illegality.

■ Moreover, recent cases have held that a plaintiff's failure to file an account does not necessarily preclude the Superior Court from considering the case on the merits pursuant to § 44–5–26(a). *See Wickes Asset Management, Inc. v. Dupuis,* 679 A.2d 314, 318 (R.I.1996); *Chase,* 671 A.2d at 796. In *Wickes,* this court stated that the filing of an account is "a condition precedent to allowing the taxpayer to seek relief by means of a petition for assessment of damages," and therefore, as with all other conditions precedent, "it must be pleaded and presented to the trial justice prior to trial and in accordance with Rule 9(c) of the Superior Court Rules of Civil Procedure." *Wickes,* 679 A.2d at 318 (citing *Chase,* 671 A.2d at 796; *Rock Ridge Limited v. Assessor of Taxes of Woonsocket,* 667 A.2d 778, 780 (R.I.1995)). Failure to plead this affirmative defense or to raise the issue before the trial justice in a timely manner constitutes a waiver of the defense. *Wickes,* 679 A.2d at 318 (citing *Chase,* 671 A.2d at 796–97). The record in the instant matter is devoid of any evidence indicating that defendant asserted this defense prior to trial. Therefore, plaintiff is entitled to a hearing on the petitions for relief from the assessment of taxes in accordance with § 44–5–26(a) in regard to all three petitions. *See Wickes,* 679 A.2d at 318.

Accordingly we conclude that the trial justice erred in interpreting the relevant statutory scheme under which the plaintiff sought relief and that the motion for a new trial should have been granted. We do so without ever reaching the merits of the plaintiff's second argument. We remand the case for a new trial including a determination of whether the 1982 assessment was excessive.

The plaintiff's appeal is sustained, and the judgment appealed from is vacated. The

papers in the case are remanded to the Superior Court for further proceedings consistent with this opinion.