DECISION
These are civil actions, consolidated for this motion, wherein Betty J. Greenman (Plaintiff I), and John H. French II and Sally R. French (Plaintiffs II) have appealed decisions of the City of Newport Board of Tax Appeals (Board). The Board upheld the December 31, 1994 and December 31, 1995 valuations and tax assessments for real estate owned by Plaintiff I and delineated as Lot 13 on Assessor Plat Number 25. Furthermore, the Board upheld the December 31, 1993 and December 31, 1994 valuations and tax assessments for real estate owned by Plaintiffs II and delineated as Lots 101 and 282 on Assessor Plat Number 35. The Defendant has filed separate consolidated Motions for Summary Judgment pursuant to Super. Ct. R. Civ. P. Rule 56 arguing that Plaintiff I and Plaintiffs II did not file an accounting in accordance with R.I.G.L. §§ 44-5-15 and 44-5-16. This Court hereby denies the Defendant's Motions for Summary Judgment in accordance with R.I.G.L. § 44-5-26 (b) without prejudice.
 FACTS AND TRAVEL
1. Plaintiff I:
For the December 31, 1992 valuation and tax assessment, the Defendant performed a valuation of all residential real estate in the City of Newport. This valuation resulted in a tax assessment increase from $83,500.00 to $229,600.00 for Lot 13. Plaintiff I appealed to the Board seeking relief from the valuation and tax assessment and the Board denied the appeal.[1] Plaintiff I then appealed that decision to this Court and pursuant to a stipulation entered by the parties the tax assessment was reduced to $140,000.00.[2]
Furthermore, Plaintiff I appealed to the Board, and thereafter to this Court, seeking relief from the valuations and tax assessments of $229,600.00 for December 31, 1993, December 31, 1994, and December 31, 1995.[3] Plaintiff I also appealed to the Board seeking relief from the tax assessment of $229,600.00 for December 31, 1996; however, the Board granted relief and reduced this assessment to $140,000.00. Plaintiff I did not file and account in accordance with R.I.G.L. §§44-5-15 and 44-5-16 with the Defendant for these appeals.[4]
2. Plaintiff II:
The December 31, 1992 valuation and tax assessment resulted in tax assessment increase for Lots 101 and 282 from $752,000.00 to $1,665,500.00 and $186,300.00 to $425, 700.00, respectively. Plaintiffs II appealed to the Board which reduced the tax assessment for Lots 101 and 282 to $1,418,700.00 and $331,300.00, respectively.[5] Plaintiffs II appealed that decision to this Court, and the case has been assigned to Paul Martellino, Esq. for binding arbitration to determine the December 31, 1992 property valuation and tax assessment.[6]
Furthermore, Plaintiffs II appealed to the Board, and thereafter to this Court, the valuations and tax assessments of December 31, 1993 and December 31, 1994.[7] The plaintiffs did not file an account pursuant to R.I.G.L. §§ 44-5-15 and 44-5-16
with the Defendant for either of these appeals. The Defendant now requests summary judgment on these grounds.
 STANDARD OF REVIEW
"Summary judgment is a proceeding in which the proponent must demonstrate by affidavits, depositions, pleadings and other documentary matter . . . that he or she is entitled to judgment as a matter of law and that there are no genuine issues of material fact." Palmisciano v. Burrillville Racing Association,603 A.2d 317, 320 (R.I. 1992) (citing Steinberg v. State,427 A.2d 338 (R.I. 1981); Ludwig v. Kowal, 419 A.2d 297 (RI. 1980)). Super. Ct. R. Civ. P. Rule 56 (c), states in pertinent part that
 (c). . . . [t]he judgment sought shall be rendered forthwith if . . . there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
During a summary judgment proceeding "the court does not pass upon the weight or credibility of the evidence but must consider the affidavits and other pleadings in a light most favorable to the party opposing the motion." Id. (citing Lennon v. MacGregor,423 A.2d 820 (R.I. 1980)). Moreover, "the trial justice must look for factual issues, not determine them. The justice's only function is to determine whether there are any issues involving material facts." Id. (quoting Steinberg v. State, supra. at 340). The Court's purpose during the summary judgment procedure is issue finding, not issue determination. Industrial National Bankv. Peloso, 397 A.2d 1312, 1313 (R.I. 1979) (citing O'Connor v.McKanna, 359 A.2d 350 (R.I. 1976); Slefkin v. Tarkomian,238 A.2d 742 (R.I. 1968)). Thus, the only task of a trial justice in ruling on a motion for summary judgment is to determine whether there is a genuine issue concerning any material fact. Id. (citing Rhode Island Hospital Trust National Bank v. Boiteau,376 A.2d 323 (RI. 1977)).
"When an examination of the pleadings, affidavits, admissions, answers to interrogatories and other similar matters, viewed in the light most favorable to the party opposing the motion, reveals no such issue, the suit is ripe for summary judgment." Id. (citing Rhode Island Hospital Trust National Bankv. Boiteau, supra; O'Connor v. McKanna, supra.)). However, it is not an absolute requirement that the non-moving party file an affidavit in opposition to the motion. Steinberg v. State, supra. If the affidavit of the moving party does not establish the absence of a material factual issue, the trial justice should deny the motion despite the failure of the nonmoving party to file a counteraffidavit. Id.
 THERE ARE GENUINE ISSUES OF MATERIAL FACT AS TO THE DECEMBER 31. 1993 AND DECEMBER 31. 1992 VALUATION AND TAX ASSESSMENT FOR PLAINTIFF I AND PLAINTIFFS II, RESPECTIVELY
The Defendant succinctly argues that Plaintiff I and Plaintiffs II did not file an account, and pursuant to R.I.G.L. §§ 44-5-15 and 44-5-16 the filing of an account is a condition precedent to allow Plaintiff I and Plaintiffs II to seek relief from the valuations and tax assessments. Citing Wickes AssetManagement. Inc. v. Dupuis, 679 A.2d 314 (R.I. 1996); Chase v.Bouchard, 671 A.2d 794 (R.I. 1996); Rock Ridge Limited v.Assessor of Taxes, 667 A.2d 778 (R.I. 1995). However, this Court has not yet determined (1) the valuation and tax assessment of December 31, 1993 for the real estate owned by Plaintiff I, and (2) the valuation and tax assessment of December 31, 1992 for the real estate owned by Plaintiffs II. Therefore, this Court is unable to determine whether Plaintiff I and Plaintiffs II individually meet the exception provisions contained in R.I.G.L. § 44-5-26 (b). See Landfill Resource Recovery, Inc. v.Gelinas, 703 A.2d 602 (R.I. 1997); Ferland Corporation v.Bouchard, 626 A.2d 210 (R.I. 1993).
This Court hereby finds that there are genuine issues of material fact as to the December 31, 1993 and December 31, 1992 valuation and tax assessment for Plaintiff I and Plaintiffs II, respectively, and denies the Defendant's Motions for Summary Judgment without prejudice until such valuation and tax assessment amounts are finally determined.
Counsel shall prepare and submit an appropriate Order for entry in accordance herewith, within 10 days.
[1] Plaintiff I did not file an account with the defendant in accordance with R.I.G.L. § 44-5-26 (b)(1).
[2] This appeal is designated as C.A. No. NC 94-0217.
[3] The appeal of the December 31, 1993 assessment is designated as C.A. No. NC95-0157, the appeal of the December 31, 1994 assessment is designated as C.A. No. NC96-0580, and the appeal of the December 31, 1995 assessment is designated as C.A. No. NC97-0026.
[4] The case designated as C.A. No. NC95-0157 and is not before the Court on this matter.
[5] Plaintiffs II did not file an account with the defendant in accordance with R.I.G.L. § 44-5-26 (b)(1).
[6] This appeal is designated as C.A. No. NC94-0364.
[7] The appeal of the December 31, 1993 assessment is designated as C.A. No. NC95-0116, and the appeal of the December 31, 1994 assessment is designated as C.A. No. NC96-0018.