DECISION
This case is before the Court on the Town of Barrington's (Town) motion to dismiss a complaint filed by a number of its taxpayers (Taxpayers). The Complaint questions a property tax revaluation, alleging an improper revaluation results in a disproportionate and unfair allocation of real property taxation in violation of the Rhode Island Constitution and Rhode Island's General Laws. Town moves to dismiss the Complaint on a procedural basis, claims the Taxpayers lack standing and failed to follow the appropriate administrative appeal process set forth in G.L. 1956 § 44-5-26. For the foregoing reasons, this Court denies the motion to dismiss.
 I. Facts and Travel
On a motion to dismiss, this Court's function is to "examine the complaint to determine if the plaintiffs are entitled to relief under any conceivable set of facts." Tucker EstatesCharlestown, LLC v. Town of Charlestown,964 A.2d 1138, 1140 (R.I. 2009) (internal quotations omitted). Thus, the following recitation of facts is derived from the pleadings.[1] *Page 2 
This action arises out of a property tax assessment by the Town of Barrington, Rhode Island. In November of 2007, Town entered into a contract with Vision Appraisal Technology, Inc. (Vision) for the statistical reappraisal of taxable and exempt real property located within the corporate limits of the Town. After Vision performed this reevaluation, Taxpayers allegedly notified Town that the reappraisal was systematically flawed. The Complaint indicates that — even after the Taxpayers presented the Town with examples of the appraisal's widespread irrational results and discriminatory treatment — Town nonetheless embraced Vision's appraisal as the basis for its property taxation for taxes to be levied and imposed during 2009. Town allegedly ignored the facts presented to it, publicly declared that it intended to please the greatest number of constituents, and at all times acted intentionally and knowingly to "carry out and permit a known wrong against plaintiffs." (Fourth Am. Compl. ¶ 730.) Allegedly, Defendants have "intentionally disregarded the illegal results of the inequitable tax assessment . . . [and] intentionally caused plaintiffs to subsidize a substantially disproportionate share of the tax burden of the town." (Fourth Am. Compl. ¶ 733.)
Instead of pursuing the administrative appeal process set forth in G.L. 1956 § 44-5-26, approximately 700 of Barrington's taxpayers filed the present Complaint in the first instance with the Superior Court on May 22, 2009. Therein they allege that — as a result of the reappraisal — Taxpayers bear a disproportionate and unfair allocation of Town's property tax burden. Taxpayers aver that the appraisal was "invalid and unlawful and illegal" because it was based on
 flawed assumptions, formulas, methodologies and preconceived notions; inaccurate data; substantial arbitrary discrepancies in valuation as between similarly situated properties; arbitrary neighborhood classifications; arbitrary property condition classifications; unsupported shifts in valuation allocations as between land and improvements; inconsistent, discriminatory full *Page 3 
inspection patterns; inadequate sales data and inadequate or nonexistent application of trending factors; and specious alterations of established non-statistical valuations without corresponding adequate non-statistical appraisal work. (Fourth Am. Compl. ¶ 723.)
The Complaint maintains that the resulting tax regimen is out of compliance with the Fair Distribution Clause of Article 1, section 2 of the Constitution of the State of Rhode Island in that it fails to meet the requirement that all properties be assessed at a uniform percentage of their full and fair cash value. In essence, Taxpayers argue that the reassessment resulted in property tax burdens which are not fairly and equally distributed.See id.
Taxpayers seek a declaration that any taxes based on those valuations are not in conformance with applicable law. They further seek any appropriate equitable relief in order to correct the alleged discriminatory tax assessment and to protect Taxpayers from bearing a disproportionate and inequitable tax burden.
Presently, Town moves to dismiss the Complaint pursuant to Rhode Island Superior Court Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. The Town maintains that this Court does not have jurisdiction over the Complaint because Taxpayers have failed to comply with the administrative appeals process set out in § 44-5-26, and the Complaint does not fall within any exemption from that appeals process. The Town also asserts that Taxpayers are inadequate representatives of their entire class and, thus, lack standing to bring the present action.
 II. Standard of Review
"The sole function of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint."McKenna v. Williams, 874 A.2d 217, 225 (R.I. 2005) (quoting *Page 4 Rhode Island Affiliate, ACLU, Inc. v. Bernasconi,557 A.2d 1232, 1232 (R.I. 1989)) (internal quotations omitted). In determining whether to grant a Rule 12(b)(6) motion to dismiss, this Court "examines the allegations contained in the plaintiff's complaint, assumes them to be true, and views them in the light most favorable to the plaintiff." Barrette v. Yakavonis,966 A.2d 1231, 1234 (R.I. 2009) (quoting Palazzo v. Alves,944 A.2d 144, 149 (R.I. 2008)). Rhode Island courts have traditionally held that "a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) should be granted only when it is clear beyond a reasonable doubt that the plaintiff would not be entitled to relief under any set of facts that could be proven in support of the claim." Siena, M.D. et al. v. Microsoft Corporation,796 A.2d 461, 463 (R.I. 2002) (citing Bruno v. CriterionHoldings, Inc., 736 A.2d 99, 99 (R.I. 1999)).
 III. Analysis
Subject Matter Jurisdiction § 44-5-26
Chapter 5 of title 44 of the Rhode Island General Laws includes a section entitled "Petition in superior court for relief from assessment." See § 44-5-26. In pertinent part, the statute provides that
 (a) Any person aggrieved . . . by any assessment of taxes against him or her . . . may . . . file an appeal in the local office of tax assessment. . . . The assessor has forty-five (45) days to review the appeal, render a decision and notify the taxpayer of the decision. The taxpayer, if still aggrieved, may appeal the decision of the tax assessor to the local tax board of review. . . . The local tax board of review shall . . . hear the appeal and render a decision. . . .
 * * * *Page 5 
 (c) Provided, that in case the person has not . . . filed an appeal first within the local tax board of review, that person shall not have the benefit of the remedy provided in this section and in §§ 44-5-27 — 44-5-31, unless: . . . the tax assessed is illegal in whole or in part; and that person's remedy is limited to a review of the assessment on the real estate or to relief with respect to the illegal tax, as the case may be.
Town presently argues that Taxpayers have not properly invoked this Court's jurisdiction because they have failed to comply with § 44-5-26 by neglecting to first file an appeal in the local office of tax assessment. The Town argues that all of Taxpayers' allegations refer to the underlying procedures used to determine property values and therefore simply do not rise to the level of "illegality" necessary to avoid the appeals procedure set forth in the statute. As such, Town avers that Taxpayers failed to exhaust their administrative remedies and should therefore be barred from bringing the instant cause of action in this Court.
"[E]xcept for cases brought in equity, the only avenue of appeal from an assessment of taxes upon a ratable estate is to file an appeal pursuant to § 44-5-26." Nunes v. Marino,707 A.2d 1239, 1244 (R.I. 1998). "The provision in § 44-5-26 which permits a person to file a complaint after the local tax administrator renders his or her decision does not operate to preclude a taxpayer from filing a complaint for equitable relief in the Superior Court pursuant to § 44-5-27 at a time prior to the local administrator's rendering his or her final decision.Wickes Asset Management, Inc. v. Dupuis,679 A.2d 314, 319-20 (R.I. 1996) (citing FerlandCorp. v. Bouchard, 626 A.2d 210, 217 (R.I. 1993); NorthgateAssociates v. Shorey, 541 A.2d 1192, 1193 (R.I. 1988)). However, our Supreme Court indicates that "§ 44-5-27 is clear in requiring a party aggrieved by an assessment of taxes to first file an appeal with the local assessor and then either to seek equitable relief or to file an appeal pursuant to § 44-5-26."Nunes, 707 A.2d at 1244. *Page 6 
(Emphasis added.) Thus, regardless of whether a party invokes the Court's equity jurisdiction or simply travels the routine path through § 44-5-26, it must first file an appeal.
The only avenue through which a party may properly come before this Court before first filing an appeal with the local assessor is set forth in § 44-5-27. Therein, the General Assembly indicates that "[a] taxpayer alleging an illegal or void tax assessment against him or her is . . . not required to file an appeal with the local assessor." Section 44-5-27. Thus, pursuant to § 44-5-26 and § 44-5-27, a taxpayer seeking relief in the Superior Court has essentially three options: (1) institute the appeals process, follow it to its conclusion, and then appeal to the Superior Court, (2) institute the appeals process and then properly invoke the Superior Court's equity jurisdiction, or (3) skip the appeals process and file suit in the Superior Court by properly alleging that the tax assessment is illegal or void.
Here, Taxpayers' Complaint makes numerous allegations which seemingly invoke the equity jurisdiction of this Court. However, because "§ 44-5-27 is clear in requiring a party aggrieved by an assessment of taxes to first file an appeal with the local assessor and then either to seek equitable relief or to file an appeal pursuant to § 44-5-26," it is evident that equity alone will not excuse Taxpayers from the statute's requirements.Nunes, 707 A.2d at 1244. (Emphasis Added.)
Although Taxpayers pursuit of equity jurisdiction alone was insufficient to forego § 44-5-26's appeal requirements, this Court nevertheless finds that the present Compliant has properly invoked this Court's subject matter jurisdiction. As noted, "[a] taxpayer alleging an illegal or void tax assessment against him or her is . . . not required to file an appeal with the local assessor." Section 44-5-27. It should be noted that "taxing statutes are to be strictly construed against the taxing authority." VanAlen v. Stein,119 R.I. 347, 359, 376 A.2d 1383, 1389 (R.I. 1977). *Page 7 
Specifically, "[s]ection 44-5-26 is a remedial statute and should be construed liberally to achieve effectuation of the relief it is meant to provide. Furthermore, as with all revenue statutes, any doubt about the meaning or scope of § 44-5-26 must be resolved in favor of the taxpayer and against the taxing authority."Weybosset Hill Investments, LLC v. Rossi,857 A.2d 231, 239 (R.I. 2004) (internal citations and quotations omitted). Thus, if the Complaint properly alleges an illegal tax assessment, it will survive a motion to dismiss.
When performing its duty to assume all allegations as true and to examine the Complaint in a light most favorable to the non-moving party, this Court finds that the Plaintiffs have properly alleged an illegal tax assessment and, therefore, are not required to proceed through the appeals process set forth in § 44-5-26. According to the Complaint, the "[t]ax assessments . . . and . . . imposition of real property taxes . . . are based on . . . arbitrary discrepancies in valuation, . . . arbitrary . . . classifications, discriminatory full inspection patterns, . . . [and] substantial over-assessments and under-assessments Town-wide" (Fourth Am. Compl. ¶ 723.) Such "disproportionate assessments" based upon arbitrary and discriminatory evaluations "violate[] the fair-distribution clause of art. 1, sec. 2 of the Rhode Island Constitution and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution." Picerne v. DiPrete,428 A.2d 1074, 1076 (R.I. 1981). The Complaint characterizes the assessments as "disproportionate" and "discriminatory" and indicates that "properties comparable in all material respects to plaintiffs' properties were assessed at values substantially less." (Fourth Am. Compl. ¶ 726.)[2] *Page 8 
Before Town ever adopted the appraisal as a basis for the tax structure, Taxpayers allegedly "showed the systematic nature of the discriminatory treatment of taxpayers" to the Town. (Fourth Am. Compl. ¶ 728.) Town "nevertheless ignored the facts" and acted "intentionally, willfully, and knowingly" in a manner "reasonably calculated to carry out and permit a known wrong against plaintiffs." Id. at ¶¶ 729-30. A knowing and discriminatory process is illegal. See Picerne,428 A.2d at 1077 (citing CIC NewportAssociates v. Stein, R.I., 403 A.2d 658, 663 (1979)) ("a knowing or intentional assessment that is made discriminatorily would be unlawful"); Capital Properties, Inc., 749 A.2d at 1084 ("when the tax authorities act out of improper or discriminatory motives, the legitimacy of the revaluation process ends"). At its core, the Complaint avers that Town "intentionally caused plaintiffs to subsidize a substantially disproportionate share of the tax burden of the Town," hence throwing the tax regimen "out of compliance with the legal requirement of . . . the Constitution of the State of Rhode Island that property tax burdens be fairly and equally distributed." (Fourth Am. Compl. ¶ 725, 733.) Such actions rise to the level of illegality necessary to avoid the statutory appeals process set forth in § 44-5-26.
Along with alleging systematic discriminatory intent on behalf of the Town, the Complaint also insists that there are "widespreadunder-assessments" as well as over assessments.Id. at ¶ 727. This complies with the standard annunciated by our High Court that in "disproportionate real estate taxation [cases] . . . in order for a taxpayer to get relief, he must sustain the burden of showing a systematic, intentional undervaluation of other property in the locality." Merlino,114 R.I. at 638, 337 A.2d at 802. This standard though, "is apposite only to the issue of whether the tax assessor has disproportionately assessed the taxpayers pursuant to an otherwise valid revaluation scheme." Picerne, 428 A.2d at 1078. Taxpayers squarely fit *Page 9 
themselves within this scheme by indicating that "[e]xcept as alleged above, the challenged tax assessment was an otherwise valid enactment." (Fourth Am. Compl. ¶ 731.) For the purposes of a motion to dismiss, these allegations are sufficient to keep Taxpayers' Complaint alive.
For the reasons stated above, this Court finds that Taxpayers have adequately alleged an illegal tax assessment and are therefore excused from following the appeal process laid out in § 44-5-26. As such, Town's motion to dismiss on jurisdictional grounds is denied.
Standing
The Town also moves to dismiss on the basis that the Taxpayers lack standing — that the Taxpayers are inadequate representatives of their purported class. The Town avers that Taxpayers — as owners of allegedly over-assessed property — have interests that are diametrically opposed to the residents who possess allegedly under-assessed property. Town suggests the purported class representatives are not free from conflicts with other members of the asserted class. In essence, it asserts that Taxpayers will be conflicted because they do not adequately represent the interests ofall of the Town's taxpayers. The Complaint indicates that
 Plaintiffs bring this action . . . as representatives of a class comprised of owners of real property in the Town of Barrington who will have taxes levied and imposed on their ratable property by the Town of Barrington apportioned based upon assessed valuations . . . which . . . result in their bearing a disproportionate and unfair allocation of the burden of real property taxation in the Town of Barrington. . . . (Fourth Am. Compl. ¶ 708.)
"The statutory scheme set forth in § 44-5-26 allows an individual taxpayer to protest his or her own assessment . . ., but the statute does not permit one taxpayer to bring, in essence, a class action challenge to the entire taxation structure of a municipality."Cummings v. Shorey, 761 A.2d 680, 684 (R.I. 2000). Notably though, "a taxpayer suit can be maintained as a class action despite the exclusive statutory remedy for an illegal tax provided in § 44-5-26 and § 44-5-27." *Page 10 Cabana v. Littler, 612 A.2d 678, 686 (R.I. 1992);See also Johnston Businessmen's Association v.aaRussillio, 128 R.I. 257, 274 A.2d 433 (R.I. 1971) (finding it difficult to believe that the General Assembly, when enacting § 44-5-26 and § 44-5-27, meant to bar a taxpayer's class action to challenge the assessment of taxes as illegal). Thus, under § 44-5-26, a taxpayer may challenge the tax structure as it relates to him, or a class may challenge the entire taxation structure as a whole.
Rule 23 of the Superior Court Rules of Civil Procedure governs class actions in Rhode Island. A proper class action requires a showing that
 (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Sup. R. Civ. P. 23(a).
There has not yet been a motion to certify a class in the present dispute. Nevertheless, Taxpayers' Complaint alleges that one exists, and — because the current conflict is before this Court on a motion to dismiss — it is this Court's present function to assume all allegations to be true.[3]
Taxpayers' purported class consists of "owners of real property . . . bearing a disproportionate and unfair allocation of the burden of real property taxation in the Town of *Page 11 
Barrington." (Fourth Am. Compl. ¶ 708). Stated differently, the class consists of only some of Town's taxpayers. The Complaint alleges that the class is numerous, that it shares questions of law and fact, that the representatives' claims are typical of those in the class, and that the representatives will fairly represent the class." Id. at ¶ 710. Assuming the above allegations to be true, this Court is satisfied that Taxpayers have standing to represent a class of taxpayers with over-assessed property. Town's primary contention is that Taxpayers are not adequate representatives because their interests collide with taxpayers whose property is allegedly underassessed. These under-assessed taxpayers might suffer if the economic taxation burden is more equally balanced. Thus, Town's argument would be persuasive if Taxpayers purported to represent all of the Town's taxpayers. However, because this argument ignores the stated bounds of the class, it is unsound. As indicated above, the Complaint alleges that the class is comprised only of taxpayers whose property has been over-valued. This Court is thus satisfied that Taxpayers are adequate representatives of their class of taxpayers who own over-valued property. As such, the Town's motion to dismiss based on standing is denied.
 IV. Conclusion
Because their Complaint properly alleges that the tax is illegal, Taxpayers were not required to file an appeal with the tax assessor before seeking relief in the Superior Court. Moreover, the Court is satisfied that — for the purposes of a motion to dismiss — Taxpayers have adequately alleged that they are proper representatives of a portion of Town's taxpayers. Thus, based on the foregoing, this Court denies Town of Barrington's motion to dismiss.
[1] The Court relies on the allegations set forth in the Taxpayers' Fourth Amended Complaint, filed on December 23, 2009.
[2] This Court recognizes that "an illegal assessment . . . has been found to exist where a different method of appraising land values was applied to a small number of properties within a county."Capital Properties, Inc. v. State,749 A.2d 1069, 1084 (R.I. 1999) (citing Picerne,428 A.2d at 1077). Barrington's allegedly disproportionate assessment process resulted in an evaluation that was "blatantly discriminatory." (Fourth Am. Compl. ¶ 726.) Such "disproportionate taxation of real estate is illegal under Rhode Island law."Merlino v. Tax Assessors for Town of North Providence,114 R.I. 630, 638, 337 A.2d 796, 802 (R.I. 1975).
[3] In Bessette v. Avco Financial Services, Inc., the United States District Court ruled on defendants' motion to strike class allegations from the complaint. See279 B.R. 442, 450 (D.R.I. 2002). However, because there had been no discovery or hearings on the class certification issue, the Court applied a 12(b)(6) standard, indicating that
 It is not appropriate to require plaintiff to establish that she can maintain a class action under Rule 23 before plaintiff even attempts to do so. It would, however, be appropriate to dismiss for failure to properly allege facts sufficient to make out a class or that plaintiff could establish no facts to make out a class. . . . At this stage, the burden is not on the party seeking class certification, rather, as the non-moving party, all reasonable inferences must be construed in her favor. Id. at 450-51 (internal citation omitted).